| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| FREDDY M. MOROCHO, WALTER TACURE on behalf of themselves and others similarly situated,<br><br>              Plaintiffs,<br><br>    - against -<br><br>GEORGE C. KELLY, and NYACK COLONIAL CAR WASH, INC.<br><br>              Defendants. | INDEX NUMBER:<br><br>**COMPLAINT**<br><br>Jury Trial Demanded<br><br>**07 CIV. 2979**<br><br>**BRIEANT** |

Plaintiffs, Walter Tacure and Freddy Morocho, by their attorneys, KAREN L. ZDANIS, ESQ. AND the LAW OFFICES OF KARL J. STOECKER, for their complaint on behalf of themselves and all others similarly situated, allege as follows:

### INTRODUCTORY STATEMENT

1. Plaintiffs bring this action as a collective action pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA" or the "Act") on behalf of themselves and all other current and former Nyack Colonial Car Wash, Inc., ("Car Wash") employees who were not paid in accordance with the Act's overtime provisions.

2. Plaintiffs were employed as attendants at Car Wash. Like their fellow attendants, they were not paid overtime for all hours worked in excess of 40 hours per week as mandated by the FLSA. By this action, plaintiffs seek to recover back pay on behalf of themselves and similarly situated employees and to enjoin defendants from further violations of the FLSA.

3. Plaintiffs also assert claims under New York State Labor Law § 196-d and the common law for conversion of tips. Defendants Kelly and Car Wash mis-appropriated all tips customers gave to attendants.

4. Plaintiffs bring their claims under the New York State Labor Law and the common law on behalf of a class consisting of residents of New York State who are current or former employees of Car Wash who were not paid in accordance with the overtime provisions of the New York State Labor Law and regulations and whose tips were misappropriated by the defendants.

5. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 207 et seq., New York Labor Law §§ 160 and 196-d, 12 NYCRR § 142-2.2, and the common law. The Court has jurisdiction of the action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction of plaintiffs' claims under New York state law pursuant to 28 U.S.C. § 1367(a). Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Defendants' principal place of business is located in this district.

6. Plaintiffs reside in Rockland County, New York. Plaintiff Freddy Morocho resides in Nanuet, New York and was employed as an attendant by the defendants from October of 1995 through February of 2007, when defendants terminated his employment with Car Wash after rebuffing his requests for payment of tips and overtime. Plaintiff Walter Tacure resides in Nanuet, New York and was

employed as an attendant by the defendants from in or about April of 1997 through in or about May of 2004.

7. Defendant Car Wash is a New York Corporation with its corporate headquarters and principal place of business located in Nyack, New York. Upon information and belief, Car Wash operates several car washes in New York and New Jersey.

8. Upon information and belief Car Wash also owns a car wash facility in Pearl River, New York, and operates facilities in Tenafly New Jersey and Northvale New Jersey.

9. Defendant George C. Kelly is, upon information and belief, the owner and manager of Car Wash and an "employer" within the meaning of 28 U.S.C. § 203(d), in that he acted "directly or indirectly in the interest" of Car Wash in relation to all of Car Wash's employees and at all relevant times possessed the authority to hire and fire employees, to supervise, direct and control their work, and to prescribe their work hours and rate of pay.

## SUBSTANTIVE ALLEGATIONS

10. As Car Wash attendants, plaintiffs performed a variety of services for the Car Wash including, *inter alia,* spraying cars, drying cars, operating and repairing machines, cleaning cars, brushing cars, hand-drying cars, detailing cars, and vacuuming cars. Plaintiffs and their fellow car wash attendants routinely worked more than forty (40) hours per week but were not

paid overtime at the rate of time and a half of their regular rate of pay for every hour worked in excess of forty per week.

11. In addition, defendants regularly confiscated tips which Car Wash patrons intended for the attendants.

## CLASS ACTION ALLEGATIONS

12. Plaintiffs bring their claims for violation of the overtime provisions of the New York State Labor Law as class claims pursuant to Fed. R. Civ. P. 23(a), and (b)(3) on behalf of a Class consisting of residents of New York State who, at any time during the past six years, were employed by Car Wash as attendants, and were not paid appropriate overtime compensation for each hour worked in excess of forty hours per week.

13. The class is so numerous that the joinder of all members is impracticable. Plaintiffs estimate that there are at least fifty Class members most of which would not likely file individual suits because they lack adequate financial resources or access to lawyers and fear reprisal from defendants.

14. Plaintiffs' claims under the New York State Labor Law are typical of all Class members' claims because, like all Class members, plaintiffs were not paid appropriate overtime compensation.

15. Plaintiffs will fairly and adequately protect the interests of the class and have retained counsel that is

4

experienced and competent in the fields of labor law and class litigation, and particularly wage and hour litigation. Plaintiffs have no interest that is contrary to or in conflict with the Class.

16. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members of the class is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the Class individually to seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a class action.

17. Questions of law and fact common to the members of the Class predominate over any questions that may affect only individual members because defendants have acted on grounds generally applicable to the entire Class. Among the questions of law and fact common to the Class are: whether defendants failed to pay overtime for all hours worked in excess of 40 hours per week; whether defendants failure to pay overtime was willful and plaintiffs are entitled to liquidated damages; whether defendant maintained complete and accurate records of hours

worked; and whether the defendants confiscated tips intended for plaintiffs.

18. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION

(Violation of the Fair Labor Standards Act, 29 U.S.C. §207 et seq.)

19. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs 1 through 18 above.

20. The FLSA obligated defendants to pay plaintiffs and similarly situated employees overtime compensation at one and one-half of plaintiffs' regular rate of pay.

21. Defendants violated the FLSA by failing to pay plaintiffs, and similarly situated employees, at a rate of one and one half of their regular rate of pay for all hours worked in excess of forty hours per week.

22. Defendants knew or willfully and/or recklessly disregarded that their conduct alleged herein violated the FLSA.

23. As a result of the wrongful conduct alleged herein, plaintiffs and other employees of the defendants have suffered damages.

SECOND CAUSE OF ACTION

(Violation of New York State Labor Law § 160 and 12 NYCRR § 142-2.2)

24. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs 1 through 23 above.

25. New York State Labor Law § 160 and 12 NYCRR § 142-2.2 obligated defendants to pay plaintiffs, and members of the Class, overtime compensation at the rate of one and one-half of their regular rate of pay.

26. Defendants violated New York State Labor Law § 160 and 12 NYCRR § 142-2.2 by failing to pay plaintiffs and members of the Class at a rate of one and one half of their regular rate of pay for all hours worked in excess of forty hours per week.

27. Defendants knew or willfully and/or recklessly disregarded that their conduct alleged herein violated New York State Law.

28. As a result of the wrongful conduct alleged herein, plaintiffs and members of the Class have suffered damages.

THIRD CAUSE OF ACTION

(Violation of New York State Labor Law § 196-d)

29. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs 1 through 28 above.

30. Car Wash and its agents, including George Kelly and management acquired and accepted, directly and indirectly, all of the gratuities received by plaintiffs and members of the Class.

31. Plaintiffs and the members of the Class did not voluntarily give their tips to George Kelly and/or the owners of Car Wash.

32. The foregoing conduct constitutes a violation of New York Labor Law Section 196-d.

33. As a result of the wrongful conduct alleged herein, plaintiffs and members of the Class have suffered damages.

### FOURTH CAUSE OF ACTION

(Conversion)

34. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs 1 through 33 above.

35. George Kelly and/or the owners of Car Wash misappropriated and/or converted the tips and gratuities earned by the plaintiffs and the Class members.

36. As a result of the wrongful conduct alleged herein, plaintiffs and members of the Class have suffered damages.

### FIFTH CAUSE OF ACTION

(Violation of New York Labor Law § 662)

37. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs 1 through 36 above.

38. Defendants summarily terminated plaintiff Freddy Morocho's employment when approximately two weeks prior to his termination, he complained about defendants' failure to pay overtime compensation for each hour worked in excess of 40 hours per week.

39. Plaintiff Freddy Morocho has been unable, despite reasonable efforts, to find comparable employment.

40. As a proximate result of defendants' retaliation against plaintiff, Freddy Morocho has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

41. As a further and proximate result of defendants' actions, plaintiff Freddy Morocho has suffered and continues to suffer impairment and damage to his good name, lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

42. Defendants' conduct was outrageous; was done in a deliberate, callous, malicious, fraudulent and oppressive manner intended to injure plaintiff Freddy Morocho; was done with an improper and evil motive, amounting to malice and spite; and was done in conscious disregard of plaintiff's rights. Plaintiff Freddy Morocho is also therefore entitled to an award of punitive damages.

WHEREFORE, plaintiffs pray that the Court grant

plaintiffs and similarly situated employees the following relief:

a. An award of their actual damages arising from defendants' violations of the FLSA's overtime provisions in an amount to be determined at trial.

b. An award of plaintiffs' actual damages in an amount to be determined at trial for loss of wages, benefits, and promotional opportunities, including an award of front pay compensating plaintiff for loss of future salary and benefits;

c. An award of damages in an amount to be determined at trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

d. An award of Class members' actual damages arising from defendants' violations of the New York Labor Law's overtime provisions;

e. An award of Class members' actual damages arising from defendants' violations of the New York Labor Law Section 196-d.

f. An award of Class members' actual damages arising from misappropriation and/or conversion of the tips and gratuities that were earned by plaintiff and members of the Class.

g. An award of liquidated damages on plaintiff's claims asserted under the FLSA;

h. An order enjoining the defendants from engaging in the future in the wrongful practices alleged herein;

i. An award of reasonable attorney's fees and the costs of this action; and

j. Such other and further relief as this Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury for all claims stated herein.

Dated: April 12, 2006
       Chestnut Ridge, New York

                                     Respectfully submitted,

                                     KAREN L. ZDANIS, ESQ.

                                     Karen L. Zdanis (KZ-3651)
                                     100 Red Schoolhouse Road
                                     Building A, Unit 7C
                                     Chestnut Ridge, NY 10977
                                     Telephone: (845) 356-0855

                                     LAW OFFICES OF KARL J. STOECKER

                                     Karl J. Stoecker (KS-0571)
                                     18 E. 41st Street, 15th Fl.
                                     New York, New York 10017
                                     Telephone: (212) 818-0080