GEHRING & SATRIALE LLC
Louis R. Satriale, Jr. (LS-5027)
Joseph E. Gehring, Jr. (JG-8178)
The Lincoln Building
60 East 42nd Street, Suite 817
New York, New York 10165
(212) 400-7420
(212) 400-7440 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDDY M. MOROCHO, WALTER TACURE on behalf of themselves and others similarly situated, | 07 Civ. 2979 (CLB) (MDF) |
| Plaintiffs, | ELECTRONICALLY FILED |
| -against- | |
| GEORGE C. KELLY and NYACK COLONIAL CAR WASH, INC., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNTIAVE, FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

PLELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 1

ARGUMENT .............................................................................................................................. 3

    POINT I
    STANDARDS GOVERNING THIS MOTION ............................................................... 3

    POINT II
    TACURE'S FLSA CLAIM IS TIME-BARRED ............................................................. 4

    POINT III
    MOROCHO WAS AN EXEMPT EMPLOYEE ............................................................. 4

    POINT IV
    PLAINTIFFS' STATE LAW CLAIMS SHOULD BE DISMISSED .............................. 6

CONCLUSION .......................................................................................................................... 7

## TABLE OF AUTHORITIES

Brotherhood of Locomotive Engineers Div. 269 v. Long Island R.R. Co.,
85 F.3d 35 (2d Cir. 1996) ...................................................................................................7

Castro v. Metropolitan Transp. Authority,
2006 WL 1418585 (S.D.N.Y. May 23, 2006) .....................................................................4

Cooper v. Parksy,
140 F.3d 433 (2d Cir.1998)..................................................................................................3

Donovan v. Burger King Corp.,
675 F. 2d 516 (2d Cir. 1982)................................................................................................6

Gluck v. Amicor, Inc.,
487 F. Supp. 608 (S.D.N.Y. 1980).......................................................................................3

28 U.S.C. § 1367.................................................................................................................7

29 U.S.C. § 207...................................................................................................................5

29 U.S.C. § 213...................................................................................................................5

29 U.S.C. § 255...................................................................................................................4

69 F.R. 22122......................................................................................................................5

29 C.F.R. § 541.100 ............................................................................................................5

29 C.F.R. § 541.102 ............................................................................................................5

29 C.F.R. § 541.106 ............................................................................................................6

29 C.F.R. § 541.1 (2003) ....................................................................................................6

29 C.F.R. § 541.103 (2003) ................................................................................................6

Fed. R. Civ. P. 12................................................................................................................3

Fed. R. Civ. P. 56............................................................................................................3, 4

## PRELIMINARY STATEMENT

Plaintiffs have filed a claim pursuant to the federal Fair Labor Standards Act ("FLSA") for allegedly unpaid overtime compensation and, in accordance with the Court's supplemental jurisdiction, under the New York Labor Law (the "Labor Law") for allegedly unpaid overtime compensation and tips and for retaliation. Neither plaintiff, however, can establish a claim under the FLSA and the Court has no subject matter jurisdiction over the remaining Labor Law claims.

First, Plaintiff Walter Tacure ("Tacure") has not been employed by Defendant Nyack Colonial Car Wash Inc. ("Nyack Colonial") within the three-year period prior to the commencement of this action and, therefore, any possible claim he could have asserted under the FLSA would be time-barred.

Second, Plaintiff Freddy M. Morocho ("Morocho") was at all relevant times an exempt employee under the FLSA's exemption for executive employees.

For these reasons, discussed in further detail below, Plaintiffs' FLSA claim must be dismissed as a matter of law and Plaintiffs' state law claims should be dismissed for lack of subject matter jurisdiction.

## STATEMENT OF FACTS

Defendant Nyack Colonial operates owns and operates one car wash, located in Nyack, New York (the "car wash"). (Statement ¶ 1). Nyack Colonial neither owns nor operates any other car washes or businesses. (Statement ¶ 2). Defendant George C. Kelly ("Kelly") is the manager of the car wash. (Statement ¶ 3). He is not an owner of Nyack Colonial. (Statement ¶ 4).

In or about 1999, when Kelly became the manager of the car wash, Tacure was working at the car wash. (Statement ¶ 5).[1] Kelly asked the employees at the car wash for verification of

---

[1] Kelly does not specifically remember anyone named "Walter Tacure" working at the car wash since he arrived in 1999 and there are no records of anyone named "Walter Tacure" working at the car wash. As explained in his declaration, Kelly believes that Tacure may be Morocho's uncle, who had been working at the car wash when he arrived in 1999, and who he knew as "Angel."

their employment eligibility, but Tacure was unable to provide such verification and stopped working at the car wash. (Statement ¶ 6). Shortly thereafter, Morocho (Tacure's nephew) asked Kelly to allow Tacure to resume working at the car wash. (Statement ¶ 7). Kelly consented, provided that Tacure provide proof his employment eligibility as required by law. (Statement ¶ 8). Tacure resumed working at the car wash, but again was unable to provide his employment eligibility verification and stopped working at the car wash at that time. (Statement ¶ 9). Tacure has not worked for Nyack Colonial since that time. (Statement ¶ 10).

Shortly after he arrived at the car wash, Kelly offered to make Morocho the Operations Manager of the car wash. (Statement ¶ 11). As the Operations Manager, Morocho would undertake many of the responsibilities for which Kelly had been responsible. (Statement ¶ 12). At that time, Kelly reviewed with Morocho a job description for the position, which provided, among other things, that Morocho would be responsible for training new employees, directing the employees' work, ensuring that employees arrived to work on time and performed their jobs satisfactorily, and scheduling employees' hours. (Statement ¶ 13). The job description also provided that Morocho had the authority to terminate employees for attendance or other performance problems. (Statement ¶ 14).

Morocho accepted the position of Operations Manager at that time. (Statement ¶ 15). At all times thereafter through the date of the termination of his employment, Morocho was the car wash's Operations Manager and performed the duties described in his job description. (Statement ¶ 16). He was paid a weekly salary of more than $455, he customarily and regularly directed the work of two or more other employees, he had the authority to hire or fire other employees. (Statement ¶ 17). As Operations Manager, his primary duty was the management of the car wash – in fact, he was responsible for managing the car wash even when not physically at the car wash and was required to have a mobile phone (which Nyack Colonial paid for) in order

2

to regularly check in with the employees when not at the car wash. (Statement ¶ 18). Morocho had the discretion to adjust his own work schedule according to the needs of the car wash. (Statement ¶ 19).

Morocho's employment as Operations Manager was terminated in or around February 2007 for performance issues. (Statement ¶ 20). At no time during his employment did Morocho ever make any complaint or raise any issue with regard to overtime, tips or anything else concerning allegedly unpaid compensation. (Statement ¶ 21). Plaintiffs filed this action on or around April 13, 2007. (Statement ¶ 22).

## ARGUMENT

### POINT I

### STANDARDS GOVERNING THIS MOTION

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted where "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Cooper v. Parksy, 140 F.3d 433, 440 (2d Cir.1998). A motion to dismiss under Rule 12(b) may be converted to a motion for summary judgment if matters outside the pleadings are presented, in which case "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Rule 12(b); see also Gluck v. Amicor, Inc., 487 F. Supp. 608, 611 (S.D.N.Y. 1980) (converting a motion to dismiss based on a statute of limitations to a motion for summary judgment and granting motion).

Summary judgment is appropriate where a party shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Castro v. Metropolitan Transp. Authority, No. 04 Civ. 1445, 2006 WL 1418585, *2 (S.D.N.Y. May 23, 2006) (Swain, J.) (citing Fed. R. Civ. P. 56(c)) (internal quotation marks omitted). "The

3

Second Circuit has explained that the party against whom summary judgment is sought must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Id. (internal ellipses and citations omitted).  "Mere conclusory allegations, speculation or conjecture will not provide a sufficient basis for a non-moving party to resist summary judgment." Id. (citation omitted).

## POINT II

## TACURE'S FLSA CLAIM IS TIME-BARRED

The limitations period for claims under the FLSA is two years or, for willful violations, three years.  29 U.S.C. § 255(a).  This action was commenced on or about April 13, 2007.  Any claims arising prior to, at the earliest, April 13, 2004, are therefore time-barred.

As discussed above, Tacure either has never worked for Nyack Colonial or, at best, has not worked for Nyack Colonial since 1999.  Tacure's FLSA claim must therefore be dismissed as a matter of law.

## POINT III

## MOROCHO WAS AN EXEMPT EMPLOYEE

As discussed above, Morocho was the Operations Manager of the car wash during the entire period of April 13, 2004, through the termination of his employment (*i.e.*, the period of his timely FLSA claim).  As Operations Manager, he was an exempt employee not eligible for overtime under the FLSA.

As Plaintiffs contend, the FLSA generally provides that employees who work in excess of forty hours in a workweek are entitled to compensation at the rate of one-and-one-half their regular rate of pay for the overtime hours.  29 U.S.C. § 207.  The FLSA expressly exempts from such entitlement, however, employees who are "employed in a bona fide executive,

4

administrative, or professional capacity." 29 U.S.C. § 213. As Operations Manager, Morocho was employed in a bona fide executive capacity, as the exemption has been defined by the Department of Labor.

The Department of Labor published new regulations defining the exemptions under the FLSA on April 23, 2004, and the new regulations became effective on August 23, 2004. 69 F.R. 22122 (April 23, 2004). Whether analyzed under the pre-August 2004 regulations or the current regulations, Morocho was subject to the executive exemption and therefore ineligible for overtime under the FLSA.

The current regulations provide that an employee is an executive exempt from the FLSA's overtime requirements if (1) he or she is compensated on a salary basis at a rate of not less than $455 per week, (2) his or her primary duty is management of the enterprise in which the employee is employed, (3) he or she customarily and regularly directs the work of two or more other employees, and (4) he or she has the authority to hire or fire other employees (or, in the alternative, can provide suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of employees, which are given particular weight). 29 C.F.R. § 541.100.

Morocho satisfied each of these requirements. He was compensated on a salary basis at a rate of not less than $455 per week. (Statement ¶ 17). His primary duty was the management of the car wash. (Statement ¶ 18).[2] He customarily and regularly directed the work of two or more other employees. (Statement ¶ 17). He had the authority to fire other employees (and his suggestions and recommendations and to hiring, firing and other change of status were given

---

[2] For purposes of the exemption, the regulation provides that management includes, among other things, "training of employees," "appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status," "planning the work," and "apportioning the work among the employees." 29 C.F.R. § 541.102. Morocho's responsibilities included each of these items. (Statement ¶ 16).

5

particular weight). (Statement ¶ 17).[3]

The pre-August 2004 regulations defining the executive exemption were similar. See 29 C.F.R. § 541.1(f) (2003) ("[A]n employee who is compensated on a salary basis at a rate of not less than $250 per week … and whose primary duty consists of the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein, shall be deemed to meet all the requirements of this section."). As discussed above, Morocho met each of these requirements as the car wash's Operations Manager.[4]

Both before and after the FLSA regulations were revised in 2004, Morocho was an "executive" employee under the FLSA and was therefore exempt from the statute's overtime requirements. See, e.g., Donovan v. Burger King Corp., 675 F. 2d 516, 521 (2d Cir. 1982) (affirming finding that assistant managers who earned more than $250 per week were exempt executive employees). For the foregoing reasons, Morocho's FLSA claim should be dismissed as a matter of law.

## POINT IV

## PLAINTIFFS' STATE LAW CLAIMS SHOULD BE DISMISSED

Subject matter jurisdiction in this case is premised on Plaintiffs' FLSA claims. (Complaint ¶ 5). This Court has jurisdiction over Plaintiffs' state law claims based only on its supplemental jurisdiction. 28 U.S.C. § 1367(a).

---

[3] That Morocho also performed otherwise nonexempt work while supervising the other workers is irrelevant to the analysis. See 29 C.F.R. § 541.106 ("For example, an assistant manager in a retail establishment may perform work such as serving customers, cooking food, stocking shelves and cleaning the establishment, but performance of such nonexempt work does not preclude the exemption if the assistant manager's primary duty is management. An assistant manager can supervise employees and serve customers at the same time without losing the exemption. An exempt employee can also simultaneously direct the work of other employees and stock shelves.").

[4] As discussed above, that Morocho also performed otherwise nonexempt work while supervising the other workers is irrelevant to the analysis – the analysis was identical under the pre-August 2004 regulations. See 29 C.F.R. § 541.103 (2003).

As discussed above, neither plaintiff can maintain an action under the FLSA and the claims under that federal statute must be dismissed as a matter of law. Under these circumstances, this Court should also dismiss Plaintiffs' state law claims. Brotherhood of Locomotive Engineers Div. 269 v. Long Island R.R. Co., 85 F.3d 35, 39 (2d Cir. 1996) ("When all bases for federal jurisdiction have been eliminated, the federal court should ordinarily dismiss the state claims.").

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that their motion to dismiss or, in the alternative, for summary judgment, be granted and that the Complaint be dismissed in its entirety.

Dated: June 15, 2007

                                        GEHRING TATMAN & SATRIALE LLC

                    By:    s/
                            Joseph E. Gehring, Jr. (JG8178)

                            The Lincoln Building
                            60 East 42nd Street, Suite 817
                            New York, New York 10165
                            (212) 400-7420
                            (212) 400-7440 (fax)
                            Attorneys for Defendants