GEHRING & SATRIALE LLC
Louis R. Satriale, Jr. (LS-5027)
Joseph E. Gehring, Jr. (JG-8178)
The Lincoln Building
60 East 42nd Street, Suite 817
New York, New York 10165
(212) 400-7420
(212) 400-7440 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDDY M. MOROCHO, WALTER TACURE on behalf of themselves and others similarly situated, | 07 Civ. 2979 (CLB) (MDF) |
| Plaintiffs, | ELECTRONICALLY FILED |
| -against- | **STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1** |
| GEORGE C. KELLY and NYACK COLONIAL CAR WASH, INC., | |
| Defendants. | |

Pursuant to Rule 56.1 of the Local Rules of the Southern District of New York, Defendants George C. Kelly and Nyack Colonial Car Wash, Inc. hereby state that the following material facts are undisputed and support the granting their motion to dismiss the complaint or, in the alternative, for summary judgment in favor of Defendants:

1. Defendant Nyack Colonial operates owns and operates one car wash, located in Nyack, New York (the "car wash"). (Kelly Decl. ¶ 1).[1]

2. Nyack Colonial neither owns nor operates any other car washes or businesses. (Kelly Decl. ¶ 1).

---

[1] The following documents, each submitted herewith, are cited herein: the Complaint (attached to the Declaration of Joseph E. Gehring, Jr., dated June 15, 2007); the Declaration of George C. Kelly, dated June 14, 2007; the Affidavit of Omar Bacarreza, sworn to on June 13, 2007 (in Spanish, filed with an English translation); the Affidavit of Alfonso Flores, sworn to on June 13, 2007 (in Spanish, filed with an English translation); the Affidavit of Orlando Gusman, sworn to on June 13, 2007; the Affidavit of Ramiro Lemus, sworn to on June 14, 2007 (in Spanish, filed with an English translation); the Affidavit of Jeronimo Lopez, sworn to on June 13, 2007 (in Spanish, filed with an English translation); the Affidavit of Jose Morales, sworn to on June 14, 2007 (in Spanish, filed with an English translation); and the Affidavit of Rafael Vigay, sworn to on June 14, 2007.

    3.    Defendant George C. Kelly ("Kelly") is the manager of the car wash. (Kelly Decl. ¶ 1).

    4.    Kelly is not an owner of Nyack Colonial. (Kelly Decl. ¶ 1).

    5.    In or about 1999, when Kelly became the manager of the car wash, Tacure was working at the car wash. (Kelly Decl. ¶ 2).[2]

    6.    Kelly asked the employees at the car wash for verification of their employment eligibility, but Tacure was unable to provide such verification and stopped working at the car wash. (Kelly Decl. ¶ 3).

    7.    Shortly thereafter, Morocho (Tacure's nephew) asked Kelly to allow Tacure to resume working at the car wash. (Kelly Decl. ¶ 3).

    8.    Kelly consented, provided that Tacure provide proof his employment eligibility as required by law. (Kelly Decl. ¶ 3).

    9.    Tacure resumed working at the car wash, but again was unable to provide his employment eligibility verification and stopped working at the car wash at that time. (Kelly Decl. ¶ 3).

    10.    Tacure has not worked for Nyack Colonial since that time. (Kelly Decl. ¶ 3; Bacarreza Aff. ¶ 3; Flores Aff. ¶ 3; Gusman Aff. ¶ 3; Lemus Aff. ¶ 3; Lopez Aff. ¶ 3; Morales Aff. ¶ 3; Vigay Aff. ¶ 3).

    11.    Shortly after he arrived at the car wash, Kelly offered to make Morocho the Operations Manager of the car wash. (Kelly Decl. ¶ 4).

---

[2]    Kelly does not specifically remember anyone named "Walter Tacure" working at the car wash since he arrived in 1999 and there are no records of anyone named "Walter Tacure" working at the car wash. As explained in his declaration, Kelly believes that Tacure may be Plaintiff Freddy Morocho's ("Morocho") uncle, who had been working at the car wash when he arrived in 1999, and who he knew as "Angel."

12. As the Operations Manager, Morocho would undertake many of the responsibilities for which Kelly had been responsible. (Kelly Decl. ¶ 4).

13. At that time, Kelly reviewed with Morocho a job description for the position, which provided, among other things, that Morocho would be responsible for training new employees, directing the employees' work, ensuring that employees arrived to work on time and performed their jobs satisfactorily, and scheduling employees' hours. (Kelly Decl. ¶ 4, Exhibit A).

14. The job description also provided that Morocho had the authority to terminate employees for attendance or other performance problems. (Kelly Decl. ¶ 4, Exhibit A).

15. Morocho accepted the position of Operations Manager at that time. (Kelly Decl. ¶ 5).

16. At all times thereafter through the date of the termination of his employment, Morocho was the car wash's Operations Manager and performed the duties described in his job description. (Kelly Decl. ¶ 5, Exhibit A; Bacarreza Aff. ¶ 2; Flores Aff. ¶ 2; Gusman Aff. ¶ 2; Lemus Aff. ¶ 2; Lopez Aff. ¶ 2; Morales Aff. ¶ 2; Vigay Aff. ¶ 2).

17. Morocho was compensated on a salary basis at a rate of not less than $455 per week, he customarily and regularly directed the work of two or more other employees, he had the authority to hire or fire other employees. (Kelly Decl. ¶ 6; Bacarreza Aff. ¶ 2; Flores Aff. ¶ 2; Gusman Aff. ¶ 2; Lemus Aff. ¶ 2; Lopez Aff. ¶ 2; Morales Aff. ¶ 2; Vigay Aff. ¶ 2).

18. As Operations Manager, Morocho's primary duty was the management of the car wash – in fact, he was responsible for managing the car wash even when not physically at the car wash and was required to have a mobile phone (which Nyack Colonial paid for) in order to regularly check in with the employees when not at the car wash. (Kelly Decl. ¶ 6).

19. Morocho had the discretion to adjust his own work schedule according to the needs of the car wash. (Kelly Decl. ¶ 6).

20. Morocho's employment as Operations Manager was terminated in or around February 2007 for performance issues. (Kelly Decl. ¶ 7).

21. At no time during his employment did Morocho ever make any complaint or raise any issue with regard to overtime, tips or anything else concerning allegedly unpaid compensation. (Kelly Decl. ¶ 7).

22. Plaintiffs filed this action on or around April 13, 2007. (Complaint).

Dated: June 15, 2007

                                              GEHRING & SATRIALE LLC

                              By:    s/
                                              Joseph E. Gehring, Jr. (JG8178)

                                              The Lincoln Building
                                              60 East 42nd Street, Suite 817
                                              New York, New York 10165
                                              (212) 400-7420
                                              (212) 400-7440 (fax)
                                              Attorneys for Defendants