Karen L. Zdanis, Esq. (KZ-3651)
20 North Broadway
Suite 5
Nyack, New York 10960
(845) 356-0855

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FREDDY M. MOROCHO, WALTER TACURE on behalf of themselves and others similarly situated,

        Plaintiffs,

- against -

GEORGE C. KELLY, and NYACK COLONIAL CAR WASH, INC.

        Defendants.

INDEX NUMBER: 07 CIV. 2979

MEMORANDUM OF LAW

**BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Karen L. Zdanis, Esq. (KZ-3651)
20 North Broadway
Suite 5
Nyack, New York 10960

Attorney for Plaintiffs

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| **TABLE OF AUTHORITIES.** | 7 |
| **PRELIMINARY STATEMENT.** | 8 |
| **LEGAL ARGUMENT** | 9 |
| **Point I** A motion to dismiss on the pleadings is converted to a motion for summary judgment if matters outside the pleadings are presented by movant. | 9 |
| **Point II** Defendants are not entitled to summary judgment because their motion is premature | 10 |
| **Point III** Plaintiffs are not entitled to summary judgment because genuine issues of material facts preclude summary judgment. | 12 |
| **CONCLUSION** | 14 |

## TABLE OF AUTHORITIES

**CASES**                                         **PAGE(S)**

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, (1986)10 . . . . . . . . 12

Donovan v. Burger King Corp., 675 F.2d 516, 519 (2d Cir. 1982). . . . . . . . . 13

Meloff v. New York Life Ins. Co, 51 F.3d 372, 375-376 (2d Cir. 1995). . . . . 10, 11

Martin v. Malcolm Pirnie, Inc., 949 F.2d 611 . . 14
(2d Cir. 1991)

Title Guarantee Co. v. N.L.R.B., 534 F.2d 484, 491 (2d Cir. 1976). . . . . . . . 13

**RULES**

Fed R. Civ P. 12(b)(6) . . . . . . . . 9

Fed R. Civ P. 56 . . . . . . . . 9

Fed R. Civ P. 56(f) . . . . . . . . 10

**STATUTES**

29 U.S.C. § 255(a) . . . . . . . . 12

**CODE OF FEDERAL REGULATIONS**

29 C.F.R. 541.700. . . . . . . . . 13

29 C.F.R. 541.602 . . . . . . . . 14

## PRELIMINARY STATEMENT

Plaintiffs Freddy M. Morocho and Walter Tacuri[1] (hereinafter "Plaintiffs") brought a collective and class action for unpaid overtime and unpaid tips under the Fair Labor Standards Act ("FLSA") and the New York Labor Law. Prior to answering the Complaint, Defendants, Nyack Colonial Car Wash, Inc. (hereinafter "Car Wash") and George C. Kelly (hereinafter "Kelly") brought this motion to dismiss and/or motion for summary judgment which Plaintiffs hereby oppose.

---

[1] Walter Tacuri's name has been improperly pleaded as "Walter Tacure;" Plaintiffs intend to request leave to amend the caption and/or make a motion to amend after Defendant answers the Complaint.

## LEGAL ARGUMENT

### POINT I

<u>A MOTION TO DISMISS ON THE PLEADINGS IS CONVERTED TO A MOTION FOR SUMMARY JUDGMENT IF MATTERS OUTSIDE THE PLEADINGS ARE PRESENTED BY MOVANT</u>

A motion pursuant to Fed R. Civ P. 12(b)(6) is converted to a motion for summary judgment if matters "outside the pleading are presented to and not excluded by the court… and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Defendants have provided affidavits of employees of the Car Wash and a "Declaration" of Defendant George Kelly which they rely upon in making their legal arguments to the Court. As such, Defendants' motion to dismiss on the pleadings should be adjudged as a motion for summary judgment.

## POINT II

### DEFENDANTS ARE NOT IS ENTITLED TO SUMMARY JUDGMENT BECAUSE THEIR MOTION IS PREMATURE

Defendants bring this motion <u>prior to answering</u> the Complaint and <u>prior to any discovery</u>. Plaintiffs have had <u>no</u> opportunity to conduct discovery. Plaintiffs seek discovery on issues regarding other class members, including but not limited to payroll records which will provide hours worked, the names and addresses of other class members, and certainly required discovery to refute Defendant's allegations made through this motion. (See Affidavit of Karen L. Zdanis, ¶'s 2 through 5).

FED R. CIV P. 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Further, case law holds that a plaintiff should be given ample time to take discovery prior to a court's entertaining of a motion for summary judgment. <u>Meloff v. New York Life Ins. Co</u>, 51 F.3d 372, 375-376 (2d Cir. 1995).

Here, Plaintiffs have had no opportunity for discovery. (See Affidavit of Karen L. Zdanis, ¶'s 2-4). Plaintiffs should not be precluded from serving and obtaining answers to written discovery and an inspection of documents in addition to taking depositions in an effort to obtain evidence to support their case.

Plaintiffs are in need of discovery to determine (a) the names and contact information of class members that should be included in this action, (b) the amount of hours that Plaintiffs worked during their tenure at the Car Wash, and (c) the amount of tips that Car Wash collected and improperly withheld from its employees. (See Affidavit of Karen L. Zdanis, ¶'s 6-7).

Further, in the event the Court does not dismiss Defendants' motion for summary judgment, Plaintiffs seek to obtain documents and answers to interrogatories, and take testimony of employees of Car Wash to disprove the Defendants' assertions regarding Plaintiff Walter Tacuri (improperly pleaded as Walter Tacure, hereinafter "Plaintiff Tacuri") and Plaintiff Freddy Morocho (hereinafter "Plaintiff Morocho"), and therefore Defendants' motion should be postponed until ample time for discovery has ensued. Meloff, 51 F.3d at 376.

## POINT III

### PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACTS PRECLUDE SUMMARY JUDGMENT

Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, (1986).

Defendants' submission fails to provide adequate proof necessary for summary judgment. Defendants' factual assertions with respect to Plaintiffs' dates of employment pertaining to the statute of limitations and the representation of Plaintiff Morocho as an exempt employee are inaccurate, and contradicted by the Plaintiffs Affidavits.

### A. FLSA Claim is Not Time Barred

The Defendants have not established that Plaintiffs' claims are time-barred under the three (3) year statute of limitations under the Fair Labor Standards Act. See, 29 U.S.C. § 255(a).

Defendant George Kelly's Declaration that he does "not specifically remember anyone named Walter Tacure working at the car wash" and "believes that he may be Freddy Morocho's uncle…" is speculative, and is contradicted by Plaintiff Freddy Morocho's Affidavit, denying that Plaintiff Walter Tacure is his uncle. (See Declaration of George Kelly, ¶2; Affidavit of Freddy Morocho, ¶2).

Further, Defendants' solicitation of affidavits from its current employees regarding Plaintiff Walter Tacure's tenure at Car Wash bear earmarks of coercion and should not be used as a substitute for deposition discovery. *See, e.g.*, Title Guarantee Co. v. N.L.R.B., 534 F.2d 484, 491 (2d Cir. 1976).

Notwithstanding, Plaintiff Tacuri disputes Defendants' assertion, and states that he is not Plaintiff Morocho's uncle, and that he worked at Car Wash until May of 2004. (Affidavit of Walter Tacuri, ¶ 2-3).

### B. Morocho Was Not an Exempt Employee

An employee of a retail service establishment such as the Car Wash is not considered "exempt" from the Fair Labor Standards Act if he spends more than forty percent (40%) of his/her time in one week on non-exempt work. *See* Donovan v. Burger King Corp., 675 F.2d 516, 519 (2d Cir. 1982); *See also* 29 C.F.R. 541.700.

Plaintiff Morocho denies being promoted to Operations Manager in 1999. (Affidavit of Freddy Morocho, ¶ 3). Further, Plaintiff Morocho spent more than ninety five percent (95%) of his time during his employment at Car Wash performing menial labor-intensive tasks that are non- managerial in nature. (Affidavit of Freddy Morocho, ¶7). He also states that Defendant George Kelly was the individual responsible for

13

scheduling and hiring employees, not him. (Affidavit of Freddy Morocho, ¶5).

Further, Plaintiff Morocho's salary was subject to deduction for part-day absences if he did not make up the lost time by working additional hours such that he was not paid on a salaried basis and does not qualify for the executive exemption. (Affidavit of Freddy Morocho, ¶5). 29 C.F.R. 541.602; see also Martin v. Malcolm Pirnie, Inc., 949 F.2d 611 (2d Cir. 1991).

## CONCLUSION

For the aforementioned reasons, Plaintiffs respectfully request dismissal of Defendants' motion, or in the alternative seek leave to conduct discovery to enable them to uncover information as to the dates and hours worked, and specifics as to factors considered in an analysis of whether an employee is considered exempt under the Fair Labor Standards Act. Plaintiffs also request counsel fees and costs against Defendants for the costs of responding to the Plaintiff's frivolous motion.

_____
Karen L. Zdanis, Esq. (KZ-3651)
20 North Broadway
Suite 5
Nyack, New York 10960

Attorney for Plaintiffs

DATED: June 29, 2007

14