# Karen L. Zdanis
### Attorney At Law

20 North Broadway
Suite 5
Nyack, New York 10960

Telephone: 845-356-0855
Facsimile: 845-613-0096

February 5, 2008

<u>Via facsimile (914) 390-4085</u>
The Honorable Charles L. Brieant
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:  Morocho v. Kelly, et al.
         Case No.: 07 CIV. 2979

Dear Hon. Charles Brieant:

    We represent plaintiffs in the above referenced matter. We write pursuant to Local Civil Rule 37.2 and Your Honor's Individual Practices to request a conference with the Court regarding discovery in this action.

    Plaintiffs make this request because defendants are improperly withholding discovery responses. Plaintiffs were first made aware of the existence of certain information during the deposition of defendant George C. Kelly under oath on January 15, 2008. Despite plaintiffs request for documents and other information during this deposition, and again in writing the following day, defendants made it clear they did not intend to produce same.[1] Instead, defendants claim, *inter alia*, that defendants are "<u>not aware of the existence of any responsive documents.</u>"

    Defendants' position is not credible, especially given that it is inconsistent with the testimony of George C. Kelly. A brief summary of some of the information requested juxtaposed with Mr. Kelly's testimony follows.

---

[1] See Exhibit A, letter annexed letter to Louis Satriale, Esq. dated January 16, 2008 and letter dated January 28, 2008 from Louis Satriale, Esq.

Hon. Charles Brieant, Esq.  February 5, 2008
Page 2

<u>Office Computer Information</u>: During his deposition, Mr. Kelly maintained that he inputted employees' hours into an electronic spreadsheet on the office computer at Nyack Car Wash. (See Exhibit B, relevant pages from examination before trial of George C. Kelly, dated January 15, 2008, p. 34 5:13).

<u>Information from Employer's Timebanc Machine</u>: Mr. Kelly represented that the Nyack Car Wash had a "Timebanc" machine that stored employees' "punch-in" and "punch-out" times and in which reports were run to determine the payroll that had been in existence ever since he began working for the Nyack Car Wash in 1999. Mr. Kelly runs reports weekly from this machine, which prints out the hours input into the machine by employees. (See Exhibit C, relevant pages from examination before trial of George C. Kelly, dated January 15, 2008, PP. 26 5:18, 33 22:25, 27 4:15).

<u>Compuwash Computer Information</u>: Mr. Kelly represented that there is a car wash computer that counts how many cars were washed that day that is located in the employee office that he checks every morning. Mr. Kelly stated that he runs monthly summaries of cars that came in to the car wash off of this machine. (See Exhibit D, relevant pages from examination before trial of George C. Kelly, dated January 15, 2008, p. 88 3:23, p. 91 21:25, p. 93 2:14).

Plaintiffs requested copies of the information listed above and annexed hereto in greater detail as Exhibit A. Defendants have refused to produce any of this information. The discovery sought is relevant to the claims of failure to pay overtime and misappropriation of tips.

Plaintiffs have made a good faith effort to obtain this information without Court intervention. Plaintiffs now seek to compel defendants to produce the discovery, or request permission to file a motion to compel discovery under Federal Rule of Civil Procedure 37.

Respectfully submitted,

Karen Zdanis

Enc.
cc: Louis R. Satriale, Esq., *via facsimile*