Karen L. Zdanis, Esq. (KZ-3651)
20 North Broadway
Suite 5
Nyack, New York 10960
(845) 356-0855

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FREDDY M. MOROCHO, WALTER TACURE on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> - against - <br><br> GEORGE C. KELLY, and NYACK COLONIAL CAR WASH, INC. <br><br> Defendants. | INDEX NUMBER: 07 CIV. 2979 (MDF) <br><br> PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO AMEND THEIR COMPLAINT |

---

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT**

---

*On the Brief*
Karen L. Zdanis, Esq. (KZ-3651)
20 North Broadway
Suite 5
Nyack, New York 10960

Attorney for Plaintiffs

# TABLE OF CONTENTS

|   | PAGE |
|---|---|
| **TABLE OF AUTHORITIES.** . . . . . . | 2 |
| **PRELIMINARY STATEMENT.** . . . . . . | 3 |
| **STATEMENT OF FACTS** . . . . . . . | 5 |
| **LEGAL ARGUMENT** . . . . . . . . | 7 |

**Point I**

PLAINTIFFS HAVE MET THE STANDARD FOR
AMENDING THE COMPLAINT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 15(a) . . . 7

**Point II**

PROPOSED DEFENDANTS JAMES MINER, TIMOTHY WEIGEL, AND
JOHN WEIGEL ARE JOINTLY LIABLE FOR THE PLAINTIFFS
ALLEGATIONS, AND THEREFORE JOINDER SHOULD BE PERMITTED
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 20    .    12

**CONCLUSION**    .    .    .    .    .    .    .    .    13

**TABLE OF AUTHORITIES**

**CASES**                                                                 **PAGE(S)**

Block v. First Blood Assocs.,
988 F.2d 344, 350 (2d Cir. 1993)      .     .     .     .     .     10

Foman v. Davis, 371 U.S. 178, 182,
83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).    .     .     .     7

Sanders v. Thrall Car Mfg. Co.,
582 F. Supp. 945, 952 (S.D.N.Y. 1983)      .     .     .     .     8

State Teachers Retirement Board v. Fluor
Corp., 654 F.2d 843, 856 (2d Cir. 1981).    .     .     .     7

Unique Sports Generation, Inc. v. LGH-III, LLC,
No. 03 Civ. 8324 (JGK) (DF), 2005 WL 2414452,
at 12 (S.D.N.Y. Sept. 30, 2005)      .     .     .     .     .     10-11

United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724,
86 S.Ct. 1130, 1137-38, (1966).      .     .     .     .     .     12-13

United States v. Cont'l Ill. Nat. Bank
and Trust Co. of Chi., 889 F.2d 1248,
1255 (2d Cir. 1989)    .     .     .     .     .     .     .     .     10

Versace, Inc. v. Gianni Versace, S.p.A.,
87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000))).    .     .     .     11

Wyant v. National Passenger Corp.,
881 F. Supp. 919, (S.D.N.Y. 1995)    .     .     .     .     .     12-13

**RULES**

Fed R. Civ P. 15              .     .     .     .     .     .     .     7

Fed R. Civ P. 20              .     .     .     .     .     .     .     12

**STATUTES**

29 U.S.C. § 207               .     .     .     .     .     .     5

New York State Labor Law § 160    .     .     .     .     .     5

12 NYCRR § 142-2.2            .     .     .     .     .     .     5

**PRELIMINARY STATEMENT**

Plaintiffs Freddy M. Morocho and Walter Tacure (hereinafter "Plaintiffs") filed the underlying Complaint on April 13, 2007 alleging defendants George C. Kelly and Nyack Colonial Car Wash, Inc. (hereinafter "Nyack Car Wash") failed to pay overtime compensation and tips under the Fair Labor Standards Act ("FLSA") and the New York Labor Law.

A pre-trial conference was held on October 25, 2007, and on or about November 8, 2007, defendants filed their Answer. Discovery has been proceeding since the pre-trial conference, as defendants took the position that discovery would not commence until a discovery conference was held.

Plaintiffs took the deposition of defendant Kelly on January 15, 2008. The deposition of the accountant of defendant Nyack Car Wash was not taken and needs to be rescheduled because defendants' counsel was ill on the date it was originally scheduled. (See Affidavit of Karen L. Zdanis, Esq. ¶5). The depositions of three (3) of the seven (7) plaintiffs have transpired, and three are scheduled for February 26, 2008.

Plaintiffs are now filing this motion seeking permission from the Court to file an Amended Complaint to join Timothy Weigel, John Weigel, James Miner, GT Car Wash, Inc., and J & J Incorporated, d/b/a Tenafly Car Wash, Pearl River Car Wash,

3

Northvale Car Wash, and Nyack Car Wash and correct the caption to correct the spelling of plaintiff Walter Tacure's name to "Tacuri". In addition, Plaintiffs request to amend their Complaint to include additional counts against all five of these additional defendants for failure to pay overtime compensation and tips to plaintiffs.

## STATEMENT OF FACTS

1.   Plaintiffs were employed as attendants at Nyack Car Wash. (Complaint ¶ 2) and brought this action for violation of the overtime provisions of the New York State Labor Law and Fair Labor Standards Act, 29 U.S.C. §207 *et seq.*("FLSA") as class claims consisting of residents of New York State who, at any time during the past six years, were employed by Nyack Car Wash as attendants who were not paid appropriate overtime compensation. (Complaint ¶¶'s 2, 12, 25-26).

2.   Further, plaintiffs alleged defendants misappropriated tips which Nyack Car Wash patrons intended for the attendants, constitutuing a violation under Section 196-d of the New York Labor Law and the tort of conversion. (Complaint ¶¶'s 11, 30-35).

3.   Plaintiffs also alleged, upon information and belief, that Nyack Car Wash also owns a car wash facility in Pearl River, New York, and operates two facilities New Jersey, one in Tenafly and another in Northvale.  (Complaint ¶ 8).

4.   During the deposition of defendant Kelly on January 15, 2008, Kelly stated that he was the General Manager of Nyack Car Wash, which was owned in part by his father in-law James Miner, John Weigel, and his son Timothy Weigel. (See Affidavit of Karen L. Zdanis, Esq. ¶ 6).   In addition, two corporations were associated with the Nyack Car Wash, Nyack Colonial

5

Incorporated, and J & J Incorporated. (See Affidavit of Karen L. Zdanis, Esq. ¶ 7).

    5.   Kelly represented that James Miner also had a financial interest in two other car washes, one in Northvale New Jersey, and another in Pearl River, New York. (See Affidavit of Karen L. Zdanis, Esq. ¶ 9). Kelly visited each of these car washes to bring each parts and kept parts stocked at Nyack Car Wash for all four car washes. (See Affidavit of Karen L. Zdanis, Esq. ¶¶ 10 and 12). Plaintiff Freddy Morocho maintains that he sometimes was asked to visit the Pearl River Car Wash to deliver supplies or fix machines. (See Affidavit of Freddy Morocho, Esq. ¶ 2).

    6.   Kelly also stated that he and Timothy Weigel own a Car Wash named GT Car Wash, Inc. in Tenafly, New Jersey where Mr. Kelly is the Secretary and Mr. Weigel is the President. (See Affidavit of Karen L. Zdanis, Esq. ¶ 8).

## **LEGAL ARGUMENT**

### **POINT I.**

### **PLAINTIFFS HAVE MET THE STANDARD FOR AMENDING THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)**

Plaintiffs bring this motion to amend their Complaint pursuant to Federal Rule of Civil Procedure 15(a). This Rule provides that leave to amend "shall be freely given when justice so requires." FED.R.CIV.P. 15(a).

Rule 15(a), Fed.R.Civ.P., states that leave to amend "shall be freely given when justice so requires." The Supreme Court has Made it clear that "this mandate is to be heeded," and that leave to amend should be permitted in the absence of an apparent or declared reason, such as undue delay, bad faith, or undue prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). This court has applied the Foman rule where "[t]he amended claim was obviously one of the objects of discovery and related closely to the original claim...." *See* State Teachers Retirement Board v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981).

The proposed amendments emanate from information obtained at the deposition of defendant Kelly taken January 15, 2008, during which, Kelly revealed that James Miner, Timothy Weigel and John Weigel are owners of the Nyack Car Wash, and that J & J Incorporated, another corporate entity, is associated with Nyack

7

Car Wash and owned by the same individuals that own and operate three other car washes. (Statement of Facts ¶¶'s 6-7). In addition, Mr. Kelly testified that he performed services for all four car washes, and stocked and ordered parts for all four car washes. (Statement of Facts ¶¶'s 6-7) Since these individuals manage the corporate entities and therefore are potentially liable for the alleged violations of the FLSA and New York Labor Laws as set forth in the plaintiffs' Complaint, the plaintiffs are requesting an amendment of the Complaint that is intrinsically related to their original Complaint, in that the only amendment requested is to add these names and entities to all counts set forth in the Complaint.

A. <u>No Undue Delay Exists</u>

Where "a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." <u>Sanders v. Thrall Car Mfg. Co.</u>, 582 F. Supp. 945, 952 (S.D.N.Y. 1983) (quotation and internal quotes omitted).

While plaintiffs request for an amendment is nine months from the filing of their Complaint, the delay is excusable, since the information pertaining to defendants has only been known to plaintiffs since January 15, 2008, the date of defendant Kelly's deposition. (See Affidavit of Karen L. Zdanis,

8

Esq. ¶ 8). Further, Plaintiffs had not been dilatory in requesting the information, as plaintiffs' first set of discovery demands were served prior to the discovery conference with the Court. (See Affidavit of Karen L. Zdanis, Esq. ¶ 13).

Defendants did not serve discovery demands until November 30, 2007, after plaintiffs were required to seek the Court's assistance in setting a discovery schedule via a discovery conference in Court which took place October 25, 2007. (See Affidavit of Karen L. Zdanis, Esq. ¶ 14).

Although plaintiffs acknowledge that defendants have served written discovery responses, plaintiffs' position is that defendants' responses are legally insufficient, and plaintiffs have recently requested a conference with the Court regarding discovery. (See Affidavit of Karen L. Zdanis, Esq. ¶ 15).

It was not until the deposition of defendant Kelly, which occurred only after repeated requests for available dates, did plaintiffs discover that J & J Incorporated d/b/a Pearl River Car Wash, Northvale Car Wash, Tenafly Car Wash, and Nyack Car Wash, which is operated and owned by the above named individuals, and that GT Car Wash, Inc. was owned and operated by defendant Kelly and Timothy Weigel. (See Affidavit of Karen L. Zdanis, Esq. ¶ 16). Plaintiffs now seek to join these entities and individuals in this action, since these individuals and entities were acting as joint employers.

9

B. Prejudice

In the interest of efficiency, plaintiffs should be permitted to bring claims against similarly situated defendants in the same lawsuit. Defendants will not be prejudiced by the Amended Complaint, since plaintiffs bring this motion while the discovery end date is scheduled for March 14, 2008. (See Affidavit of Karen L. Zdanis, Esq. ¶ 18).

To determine whether the proposed amendments will constitute prejudice, courts in this Circuit "consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)

The burden of conducting additional discovery does not automatically constitute undue prejudice. *See*, *e.g.* United States v. Cont'l Ill. Nat. Bank and Trust Co. of Chi., 889 F.2d 1248, 1255 (2d Cir. 1989) ("The adverse party's burden of undertaking [additional] discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."); Unique Sports Generation, Inc. v. LGH-III, LLC, No. 03 Civ. 8324 (JGK) (DF), 2005 WL 2414452, at *12 (S.D.N.Y. Sept. 30,

10

2005)("Allegations that an amendment will require the expenditure of additional time, effort, or money do not constitute undue prejudice." (quoting A.V. by Versace, Inc. v. Gianni Versace, S.p.A.,87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000)).

Defendants will not suffer undue prejudice from the timing of these amendments because the case is still in the early stages of discovery. The only discovery that has been completed is written responses that plaintiffs contend was insufficient, and one deposition that was conducted in an effort to determine the proper parties to this action. Significant discovery on the merits has yet to commence.

Defendants will not be prejudiced from this amendment, as they cannot claim surprise. Plaintiffs' proposed amendment rests on facts that are written within plaintiffs' original Complaint:

> Upon information and belief [Nyack] Car Wash also owns a car wash facility in Pearl River, New York, and operates facilities in Tenafly New Jersey and Northvale New Jersey." (See Complaint ¶ 8).

Now that defendant Kelly has provided the names of two additional entities and three individuals that are all operating a business with the same ownership and/or management of the defendant corporation, plaintiffs have the information required to amend the pleading and join additional defendants.

11

## POINT II.

## PROPOSED DEFENDANTS JAMES MINER, TIMOTHY WEIGEL, AND JOHN WEIGEL ARE JOINTLY LIABLE FOR THE PLAINTIFFS' ALLEGATIONS, AND THEREFORE JOINDER IS PERMISSIVE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 20

Rule 15(a) of the Federal Rules of Civil Procedure generally governs the amendment of complaints, but in the case of proposed amendments where new defendants are to be added, the Court must also look to Rule 20.

Permissive joinder of parties is governed by Federal Rule of Civil Procedure 20. Rule 20(a) provides, in relevant part:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. . . .

Fed.R.Civ.P. 20(a).

In Wyant v. National Passenger Corp., 881 F. Supp. 919, (S.D.N.Y. 1995), the court cited Gursky, explaining "Under the Federal Rules generally, `the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" Gursky, 139 F.R.D. at 282 (*citing* United

Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724, 86 S.Ct. 1130, 1137-38, 16 L.Ed.2d 218 (1966)).

Wyant sets forth a standard that comported with the "principles of fundamental fairness" and required a good faith basis to join a party.  Wyant, 881 F. Supp. 919 at 922.

Plaintiffs make this motion in good faith, and as stated above, the filing and service of the proposed amendments to the Complaint will not unnecessarily delay the proceedings and will result in judicial economy by joining necessary parties without the need of instituting a separate action.

## CONCLUSION

For the aforementioned reasons, Plaintiffs respectfully request permission to modify the caption for the correct spelling of Walter Tacuri's name amend their complaint and add additional defendants James Miner, Timothy Weigel, and John Weigel, in addition to J & J Incorporated d/b/a Pearl River Car Wash, Northvale Car Wash, Nyack Car Wash and Tenafly Car Wash and GT Car Wash.

_____/s/_____

Karen L. Zdanis, Esq. (KZ-3651)
20 North Broadway
Suite 5
Nyack, New York 10960

Attorney for Plaintiffs

DATED: February 15, 2008

13