# United States District Court

_____ Southern _____ DISTRICT OF _____ New York _____

Freddy M. Morocho, Walter Tacure, on behalf of themselves and others similarly situated,

Plaintiffs,

V.

George C. Kelly, and Nyack Colonial Car Wash, Inc.,

Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

## 07 CIV. 2979

## BRIEANT

TO: (Name and address of defendant)

George C. Kelly
135 Goebel Road
New City, New York 10954

Nyack Colonial Car Wash, Inc., 5 Polhemis St., Nyack, NY 10960

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Karen L. Zdanis
100 Red Schoolhouse Road
Building A, Unit 7C
Chestnut Ridge, New York 10977

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

*J. Michael McMahon*
CLERK

APR 1 3 2007
DATE

*[signature]*
(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
Date

_____
Signature of Server

_____
Address of Server

---

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JS 44C/SDNY
REV. 12/2005

CIVIL COVER SHEET

07 CIV. 2979

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
Freddy M. Morocho and Walter Tacure, on behalf of themselves and others similarly situated

**DEFENDANTS**
George C. Kelly and Nyack Colonial Car Wash, Inc.

**ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Karen L. Zdanis, Esq. 100 Red Schoolhouse Road, Bldg. A, Unit 7C, Chestnut Ridge, NY 10977 - (845) 356-0855

**ATTORNEYS** (IF KNOWN)
Plaintiffs' Co-Counsel: Law Offices of Karl J. Stoecker 18 E. 41st St., Suite 1501, New York, NY 10017 (212) 818-9055

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
Labor Law - Failure to pay overtime under the Fair Labor Standards Act - 29 U.S.C. Section 207

Has this or a similar case been previously filed in SDNY at any time? No [X]   Yes [ ]   Judge Previously Assigned _____

If yes, was this case  Vol [ ]  Invol. [ ]  Dismissed.  No [ ]  Yes [ ]  If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)          NATURE OF SUIT

ACTIONS UNDER STATUTES

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**TORTS**

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [x] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 MIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/COMMODITIES/EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 246 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

DEMAND $ _unspecified_   OTHER _injunctive_   JUDGE _____ DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [X] YES  [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)    **ORIGIN**

- [x] 1 Original Proceeding
- [ ] 2a. Removed from State Court
- [ ] 2b. Removed from State Court AND at least one party is a pro se litigant
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)    **BASIS OF JURISDICTION**

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [ ] 4 DIVERSITY

IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**
(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

Freddy Morocho
158 Main Street
Nanuet, NY 10954 (Rockland County)

Walter Tacure
64 Main Street
New City, NY 10960 (Rockland County)

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

George C. Kelly
135 Goebel Road
New City, NY 10956 (Rockland County)

Nyack Colonial Car Wash, Inc.
5 Polhemis Street
Nyack, NY 10960 (Rockland County)

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:  THIS ACTION SHOULD BE ASSIGNED TO:   [x] WHITE PLAINS   [ ] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE 4/12/07    SIGNATURE OF ATTORNEY OF RECORD
RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. 11  Yr. 2002)
Attorney Bar Code # KZ3651

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED APR 13 2007

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDDY M. MOROCHO, WALTER TACURE on behalf of themselves and others similarly situated,

    Plaintiffs,

- against -

GEORGE C. KELLY, and NYACK COLONIAL CAR WASH, INC.

    Defendants.

INDEX NUMBER:



COMPLAINT

Jury Trial Demanded

**07 CIV. 2979
BRIEANT**

    Plaintiffs, Walter Tacure and Freddy Morocho, by their attorneys, KAREN L. ZDANIS, ESQ. AND the LAW OFFICES OF KARL J. STOECKER, for their complaint on behalf of themselves and all others similarly situated, allege as follows:

### INTRODUCTORY STATEMENT

    1. Plaintiffs bring this action as a collective action pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA" or the "Act") on behalf of themselves and all other current and former Nyack Colonial Car Wash, Inc., ("Car Wash") employees who were not paid in accordance with the Act's overtime provisions.

    2. Plaintiffs were employed as attendants at Car Wash. Like their fellow attendants, they were not paid overtime for all hours worked in excess of 40 hours per week as mandated by the FLSA. By this action, plaintiffs seek to recover back pay on behalf of themselves and similarly situated employees and to enjoin defendants from further violations of the FLSA.

3. Plaintiffs also assert claims under New York State Labor Law § 196-d and the common law for conversion of tips. Defendants Kelly and Car Wash mis-appropriated all tips customers gave to attendants.

4. Plaintiffs bring their claims under the New York State Labor Law and the common law on behalf of a class consisting of residents of New York State who are current or former employees of Car Wash who were not paid in accordance with the overtime provisions of the New York State Labor Law and regulations and whose tips were misappropriated by the defendants.

5. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 207 et seq., New York Labor Law §§ 160 and 196-d, 12 NYCRR § 142-2.2, and the common law. The Court has jurisdiction of the action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction of plaintiffs' claims under New York state law pursuant to 28 U.S.C. § 1367(a). Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Defendants' principal place of business is located in this district.

6. Plaintiffs reside in Rockland County, New York. Plaintiff Freddy Morocho resides in Nanuet, New York and was employed as an attendant by the defendants from October of 1995 through February of 2007, when defendants terminated his employment with Car Wash after rebuffing his requests for payment of tips and overtime. Plaintiff Walter Tacure resides in Nanuet, New York and was

2

employed as an attendant by the defendants from in or about April of 1997 through in or about May of 2004.

7. Defendant Car Wash is a New York Corporation with its corporate headquarters and principal place of business located in Nyack, New York. Upon information and belief, Car Wash operates several car washes in New York and New Jersey.

8. Upon information and belief Car Wash also owns a car wash facility in Pearl River, New York, and operates facilities in Tenafly New Jersey and Northvale New Jersey.

9. Defendant George C. Kelly is, upon information and belief, the owner and manager of Car Wash and an "employer" within the meaning of 28 U.S.C. § 203(d), in that he acted "directly or indirectly in the interest" of Car Wash in relation to all of Car Wash's employees and at all relevant times possessed the authority to hire and fire employees, to supervise, direct and control their work, and to prescribe their work hours and rate of pay.

## SUBSTANTIVE ALLEGATIONS

10. As Car Wash attendants, plaintiffs performed a variety of services for the Car Wash including, *inter alia*, spraying cars, drying cars, operating and repairing machines, cleaning cars, brushing cars, hand-drying cars, detailing cars, and vacuuming cars. Plaintiffs and their fellow car wash attendants routinely worked more than forty (40) hours per week but were not

paid overtime at the rate of time and a half of their regular rate of pay for every hour worked in excess of forty per week.

11. In addition, defendants regularly confiscated tips which Car Wash patrons intended for the attendants.

## CLASS ACTION ALLEGATIONS

12. Plaintiffs bring their claims for violation of the overtime provisions of the New York State Labor Law as class claims pursuant to Fed. R. Civ. P. 23(a), and (b)(3) on behalf of a Class consisting of residents of New York State who, at any time during the past six years, were employed by Car Wash as attendants, and were not paid appropriate overtime compensation for each hour worked in excess of forty hours per week.

13. The class is so numerous that the joinder of all members is impracticable. Plaintiffs estimate that there are at least fifty Class members most of which would not likely file individual suits because they lack adequate financial resources or access to lawyers and fear reprisal from defendants.

14. Plaintiffs' claims under the New York State Labor Law are typical of all Class members' claims because, like all Class members, plaintiffs were not paid appropriate overtime compensation.

15. Plaintiffs will fairly and adequately protect the interests of the class and have retained counsel that is

experienced and competent in the fields of labor law and class litigation, and particularly wage and hour litigation. Plaintiffs have no interest that is contrary to or in conflict with the Class.

16. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members of the class is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the Class individually to seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a class action.

17. Questions of law and fact common to the members of the Class predominate over any questions that may affect only individual members because defendants have acted on grounds generally applicable to the entire Class. Among the questions of law and fact common to the Class are: whether defendants failed to pay overtime for all hours worked in excess of 40 hours per week; whether defendants failure to pay overtime was willful and plaintiffs are entitled to liquidated damages; whether defendant maintained complete and accurate records of hours

5

worked; and whether the defendants confiscated tips intended for plaintiffs.

18. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION
(Violation of the Fair Labor Standards Act, 29 U.S.C. §207 et seq.)

19. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs 1 through 18 above.

20. The FLSA obligated defendants to pay plaintiffs and similarly situated employees overtime compensation at one and one-half of plaintiffs' regular rate of pay.

21. Defendants violated the FLSA by failing to pay plaintiffs, and similarly situated employees, at a rate of one and one half of their regular rate of pay for all hours worked in excess of forty hours per week.

22. Defendants knew or willfully and/or recklessly disregarded that their conduct alleged herein violated the FLSA.

23. As a result of the wrongful conduct alleged herein, plaintiffs and other employees of the defendants have suffered damages.

6

## SECOND CAUSE OF ACTION

(Violation of New York State Labor Law § 160 and 12 NYCRR § 142-2.2)

24. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs 1 through 23 above.

25. New York State Labor Law § 160 and 12 NYCRR § 142-2.2 obligated defendants to pay plaintiffs, and members of the Class, overtime compensation at the rate of one and one-half of their regular rate of pay.

26. Defendants violated New York State Labor Law § 160 and 12 NYCRR § 142-2.2 by failing to pay plaintiffs and members of the Class at a rate of one and one half of their regular rate of pay for all hours worked in excess of forty hours per week.

27. Defendants knew or willfully and/or recklessly disregarded that their conduct alleged herein violated New York State Law.

28. As a result of the wrongful conduct alleged herein, plaintiffs and members of the Class have suffered damages.

## THIRD CAUSE OF ACTION

(Violation of New York State Labor Law § 196-d)

29. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs 1 through 28 above.

30. Car Wash and its agents, including George Kelly and management acquired and accepted, directly and indirectly, all of the gratuities received by plaintiffs and members of the Class.

31. Plaintiffs and the members of the Class did not voluntarily give their tips to George Kelly and/or the owners of Car Wash.

32. The foregoing conduct constitutes a violation of New York Labor Law Section 196-d.

33. As a result of the wrongful conduct alleged herein, plaintiffs and members of the Class have suffered damages.

### FOURTH CAUSE OF ACTION

(Conversion)

34. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs 1 through 33 above.

35. George Kelly and/or the owners of Car Wash misappropriated and/or converted the tips and gratuities earned by the plaintiffs and the Class members.

36. As a result of the wrongful conduct alleged herein, plaintiffs and members of the Class have suffered damages.

### FIFTH CAUSE OF ACTION

(Violation of New York Labor Law § 662)

37. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs 1 through 36 above.

8

38. Defendants summarily terminated plaintiff Freddy Morocho's employment when approximately two weeks prior to his termination, he complained about defendants' failure to pay overtime compensation for each hour worked in excess of 40 hours per week.

39. Plaintiff Freddy Morocho has been unable, despite reasonable efforts, to find comparable employment.

40. As a proximate result of defendants' retaliation against plaintiff, Freddy Morocho has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

41. As a further and proximate result of defendants' actions, plaintiff Freddy Morocho has suffered and continues to suffer impairment and damage to his good name, lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

42. Defendants' conduct was outrageous; was done in a deliberate, callous, malicious, fraudulent and oppressive manner intended to injure plaintiff Freddy Morocho; was done with an improper and evil motive, amounting to malice and spite; and was done in conscious disregard of plaintiff's rights. Plaintiff Freddy Morocho is also therefore entitled to an award of punitive damages.

WHEREFORE, plaintiffs pray that the Court grant

plaintiffs and similarly situated employees the following relief:

a. An award of their actual damages arising from defendants' violations of the FLSA's overtime provisions in an amount to be determined at trial.

b. An award of plaintiffs' actual damages in an amount to be determined at trial for loss of wages, benefits, and promotional opportunities, including an award of front pay compensating plaintiff for loss of future salary and benefits;

c. An award of damages in an amount to be determined at trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

d. An award of Class members' actual damages arising from defendants' violations of the New York Labor Law's overtime provisions;

e. An award of Class members' actual damages arising from defendants' violations of the New York Labor Law Section 196-d.

f. An award of Class members' actual damages arising from misappropriation and/or conversion of the tips and gratuities that were earned by plaintiff and members of the Class.

g. An award of liquidated damages on plaintiff's claims asserted under the FLSA;

h. An order enjoining the defendants from engaging in the future in the wrongful practices alleged herein;

i. An award of reasonable attorney's fees and the costs of this action; and

j. Such other and further relief as this Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury for all claims stated herein.

Dated: April 12, 2006
      Chestnut Ridge, New York

Respectfully submitted,

KAREN L. ZDANIS, ESQ.

_____
Karen L. Zdanis (KZ-3651)
100 Red Schoolhouse Road
Building A, Unit 7C
Chestnut Ridge, NY 10977
Telephone: (845) 356-0855


LAW OFFICES OF KARL J. STOECKER
_____
Karl J. Stoecker (KS-0571)
18 E. 41st Street, 15th Fl.
New York, New York 10017
Telephone: (212) 818-0080

11