GEHRING & SATRIALE LLC
Louis R. Satriale, Jr. (LS-5027)
Joseph E. Gehring, Jr. (JG-8178)
370 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 400-7420
(212) 400-7440 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDDY M. MOROCHO, WALTER TACURE on behalf of themselves and others similarly situated, | 07 Civ. 2979 (CLB) (MDF) |
| Plaintiffs, | ELECTRONICALLY FILED |
| -against- | |
| GEORGE C. KELLY and NYACK COLONIAL CAR WASH, INC., | |
| Defendants. | |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT**

**TABLE OF CONTENTS**

PLELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    POINT I
    PLAINTIFFS' MOTION TO ADD NEW PARTIES IS UNTIMELY ............................... 2

    POINT II
    PLAINTIFFS' PROPOSED AMENDMENTS ARE FUTILE ........................................... 6

CONCLUSION ............................................................................................................................. 7

## TABLE OF AUTHORITIES

Ansam Assoc., Inc. v. Cola Petroleum, Ltd.,
760 F.2d 442 (2d Cir. 1985)..................................................................................................4

Grochowski v. Phoenix Constr.,
318 F.3d 80 (2d Cir. 2003)....................................................................................................2

John Hancock Mut. Life Ins. Co. v. Amerford Internat. Corp.,
22 F.3d 458 (2d Cir. 1994)....................................................................................................6

Sly Magazine, LLC v. Weider Publications LLC,
241 F.R.D. 527 (S.D.N.Y. 2007) ....................................................................................... 4-5


FRCP 15............................................................................................................................2

FRCP 16............................................................................................................................2

FRCP 20............................................................................................................................2

**PRELIMINARY STATEMENT**

Plaintiffs Freddy Morocho and Walter Tacuri commenced this action in April 2007 alleging claims pursuant to the federal Fair Labor Standards Act ("FLSA") for allegedly unpaid overtime compensation and, in accordance with the Court's supplemental jurisdiction, under the New York Labor Law (the "Labor Law") for allegedly unpaid overtime compensation and tips and for retaliation. Since commencing this action, the Court has granted certification to make the action a collective action under the FLSA and five additional plaintiffs filed consents to join in the collective action, as required by the statute.

Plaintiffs' discovery responses and their deposition testimony have made clear that the majority of Plaintiffs have no basis to assert federal jurisdiction of their claims because their federal claims are time-barred and/or they worked no overtime. (Satriale Aff. ¶ 6). Another plaintiff failed to attend his own court-ordered deposition under the sanction of dismissal of his claims. Id. And an additional plaintiff was at all relevant times a management employee of Defendant Nyack Colonial Car Wash Inc. ("Nyack Colonial") and therefore cannot maintain action under the FLSA. Id. Knowing that they will be left with at most two or three plaintiffs for trial, Plaintiffs' counsel apparently is now trying to expand the pool of possible plaintiffs by seeking leave to join as additional defendants two business entities and their owners, who have absolutely nothing to do with this action. That Plaintiffs' basis for joining these additional parties is pretextual is made clear by the fact that they did nothing to obtain discovery concerning these parties or join these parties until well after their time to join new parties and amend their complaint had expired, even though they knew of their existence at all times in this litigation.

For these reasons, discussed in further detail below, Plaintiffs' untimely motion to amend the complaint and join additional parties should be denied in its entirety.

# ARGUMENT

## POINT I

### PLAINTIFFS' MOTION TO ADD NEW PARTIES IS UNTIMELY

Plaintiffs rely on Federal Rule of Civil Procedure 15 in support of their motion to amend their complaint, and cite, from the previous version of the rule, that leave to amend "shall be freely given when justice so requires." (Plaintiffs' Memo. at 7).[1] Plaintiffs fail to advise the Court, however, that the time to amend the complaint and add new parties to the action had long expired by the time Plaintiffs brought this motion.

This Court's Scheduling Order, dated October 26, 2007, provided that "Joinder of additional parties must be accomplished by 1/1/08" and that "Amended pleadings may be filed until 12/1/07." (Zdanis Aff. Exhibit J). The Second Circuit has held that "[w]here a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause. A finding of good cause depends on the diligence of the moving party.'" Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (affirming denial of motion to amend the complaint where discovery was closed).

Plaintiffs do not allege, let alone establish, their diligence in seeking the information necessary to amend the complaint or join additional parties to this action. Plaintiffs were aware of the existence of the three other car washes when they commenced this action – in fact, the three other car washes were erroneously referenced in the complaint as being owned by Defendant Nyack Colonial. Defendants made it clear, before even filing their answer, that

---

[1] Rule 20 – to which Plaintiffs also cite, quoting the previous version of the rule – applies to the joinder of additional parties, but a motion under Rule 20 is analyzed under the same standard as a motion under Rule 15. See Sly Magazine, LLC v. Weider Publications LLC, 241 F.R.D. 527, 532 (S.D.N.Y. 2007) (Casey, J.).

2

Defendant Nyack Colonial in fact only owned one car wash, in Nyack, New York, and that the other three car washes referenced in the complaint were in fact not owned or operated by Defendant Nyack Colonial.  (Satriale Decl., Exhibit A).

In their memorandum of law, Plaintiffs argue that they were not "dilatory in requesting the information," suggesting that they could not obtain the information concerning the other corporations and individuals they now seek to add as defendants because Defendants' written discovery responses were somehow "legally insufficient" and the deposition of Defendant Kelly was not conducted until January 15, 2008.  Plaintiffs again fail to advise the Court, however, that Plaintiffs never actually requested any information pertaining to the other business entities and individuals they now seek to add as defendants in their written discovery requests.

Plaintiffs served a set of written discovery requests on October 4, 2007, but requested no information concerning any of the other business entities or individuals they now seek to add as defendants – despite that, as discussed above, they were well aware that the other car washes existed and that someone presumably owned those car washes.  (Satriale Decl., Exhibit B). Plaintiffs then served no additional discovery – non-party or otherwise – until January 2, 2008, when Plaintiffs served a second set of document requests and a set of interrogatories on Defendants.  This second set was not served until after the dates to amend the complaint and add new parties had already expired and, in any event, again asked for no information concerning any of the other business entities and individuals they now seek to add as defendants.  (Satriale Decl., Exhibit C).

As discussed above, Plaintiffs are required to show their diligence to establish good cause to amend their complaint and add new parties following the dates set forth in the Court's scheduling order.  Plaintiffs not only cannot show their diligence in obtaining the necessary information within the dates set by the Court, but Plaintiffs cannot show any effort at all in

3

obtaining the information because they made no effort. They made no requests for the information from Defendants. They served no subpoenas on the other car washes, all of which they knew existed at the time they commenced this action. They made no effort whatsoever until the dates to amend their complaint and add new parties had already expired.

Simply put, Plaintiffs cannot rely upon their own failure to conduct timely discovery concerning the three other car washes and their owners to amend their complaint and add new defendants following the close of discovery in this action. In <u>Ansam Assoc., Inc. v. Cola Petroleum, Ltd.</u>, 760 F.2d 442 (2d Cir. 1985), for example, the Second Circuit rejected the plaintiffs' attempt to justify their delay in amending their complaint on their counsel's failure to conduct the necessary discovery in a timely manner:

> Ansam's sole justification for the belated request to amend its amended complaint is that its counsel prior to March, 1983 had failed to conduct substantive discovery. Ansam alleges that it was only after new counsel was substituted in March, 1983, that it discovered the information that formed the basis of its newly proposed claim. However, this is simply an insufficient reason for prejudicing Cola by forcing it to proceed to trial, post-discovery, on a new complaint.

760 F.2d at 446.

The court in <u>Sly Magazine, LLC v. Weider Publications LLC</u>, 241 F.R.D. 527 (S.D.N.Y. 2007) (Casey, J.) similarly rejected the plaintiff's attempt to join additional parties where they offered no explanation for failing to seek information concerning such additional parties in a timely manner:

> Here, Plaintiff seeks leave to join twelve additional parties to its action against two current defendants after discovery has closed and both sides are poised to file motions for summary judgment. … Despite the agreed-upon schedule, Plaintiff waited until December 13, 2005, one week before the end of the initial discovery deadline and five weeks preceding the end of the extended deadline, to even inquire about the identity of the third parties it now seeks to join.

4

> Plaintiff provides no explanation for this delay, that is, other than its conclusory assertion than its "second set of interrogatories were timely." Some more substantive justification is needed as to why Plaintiff waited six months to ask Defendants to ask about the existence and identity of third party distributors and retailers that are commonly employed to distribute printed copies of magazines in the publishing industry. Such an explanation is particularly necessary in light of Defendants' contention that Plaintiff had been on notice of "the existence and identities of the majority of these companies since as early as August 2005, when Defendants responded to Plaintiff's first discovery requests." In the absence of any justification, it is clear Plaintiff's motion for leave to join additional parties after the close of discovery follows an undue delay on Plaintiff's part.
>
> * * * *
>
> Furthermore, it is evident that Plaintiff's motion to join twelve additional parties at this stage of litigation will cause Defendants undue prejudice. Joinder of the distributors and retailers would require the reopening of discovery and force Defendants to expend substantial additional resources as a result. In turn, reopening discovery on the scale necessary to accommodate so many new defendants would undoubtedly cause significant further delays in this litigation. These consequences would amount to undue prejudice against Defendants; this prejudice is sufficient to deny Plaintiff leave to file an amended complaint.

241 F.R.D. at 532-33.[2]

As in <u>Sly Magazine</u>, Plaintiffs were aware that the other three car washes existed and presumably had owners when they commenced this action, and were on notice since Defendants served their motion to dismiss that Defendant Nyack Colonial did not own or operate any car wash other than the car wash in Nyack, New York, where Plaintiffs alleged they worked. For no explained reason, however, Plaintiffs chose to pursue no discovery relating to the other car washes or their owners until the deadline for adding new parties and amending their complaint had already expired. Simply put, Plaintiffs should not be allowed to rely on their own delay in

---

[2] Plaintiffs argue that there would be no undue delay because "the case is still in the early stages of discovery." (Pl. Memo. at 11). In fact, at the time Plaintiffs filed this motion, on March 5, 2008, discovery was barely a week from being closed pursuant to this Court's scheduling order. (Zdanis Aff., Exhibit J).

conducting discovery to now delay these proceedings by adding the owners of three additional car washes as parties to this action. For the reasons discussed above, Plaintiffs' motion to amend the complaint should be denied in its entirety.

## POINT II

## PLAINTIFFS' PROPOSED AMENDMENTS ARE FUTILE

Plaintiffs ask for leave to amend their complaint to add five new defendants to this action: GT Car Wash, Inc., J&J Associates (incorrectly referred to as J&J Incorporated and listed as doing business as Pearl River Car Wash, Northvale Car Wash, Tenafly Car Wash and Nyack Car Wash), James Miner, John Weigel and Timothy Weigel. The Second Circuit has made clear that "[u]ndue delay and futility of the amendment, among other factors, are reasons to deny leave." John Hancock Mut. Life Ins. Co. v. Amerford Internat. Corp., 22 F.3d 458, 462 (2d Cir. 1994).

Plaintiffs' purported basis for adding these new defendants is their own conclusory assertion that the other car washes are owned and operated by the same individuals and business entities. Knowing that they have absolutely no basis to join these individuals and business entities as additional parties, Plaintiffs advise the Court that their proposed additions are supported by Defendant Kelly's deposition testimony, while they in fact do nothing but mischaracterize his testimony.

For example, Plaintiffs claim that "Kelly revealed that James Miner, Timothy Weigel and John Weigel are owners of the Nyack Car Wash." (Pl. Memo. at 7). In fact, Defendant Kelly testified clearly that only James Miner and Timothy Weigel own Defendant Nyack Colonial. (Kelly Tr. at 3-7, attached as Exhibit C to Zdanis Affidavit). Plaintiffs further claim that Defendant Kelly testified that "J&J Incorporated, another corporate entity, is associated with Nyack Car Wash and owned by the same individuals that own and operate three other car

washes." (Memo. at 8). In fact, in pages that Plaintiffs conveniently omitted from their motion, Defendant Kelly unambiguously testified that he was not sure of the ownership of J&J Incorporated, but that that business entity had been the original owner of the car wash and only owns the land upon which the car wash sits. (Kelly Tr. at 9-10, attached as Exhibit D to Satriale Declaration). Nowhere did Defendant Kelly testify that J&J owns or operates any car wash at all.

Further, Plaintiffs point to nothing to suggest that any of the individuals or business entities they seek to add as additional parties ever acted in Defendant Nyack Colonial's interests in relation to its employees, as required to name them as parties under the FLSA.[3] Simply put, as confirmed by the declarations submitted in opposition to this motion make clear, Plaintiffs can not allege any basis to join any of the individuals or business entities as additional parties to this action.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that Plaintiffs' motion to amend the complaint be denied in its entirety.

Dated: April 2, 2008

                                        GEHRING & SATRIALE LLC

                            By:    s/
                                  Louis R. Satriale, Jr. (LS-5027)

                                  370 Lexington Avenue, Suite 1200
                                  New York, New York 10017
                                  (212) 400-7420
                                  (212) 400-7440 (fax)
                                  Attorneys for Defendants

---

[3] The only allegation Plaintiffs make relating to the other car washes at all is that Plaintiff Morocho alleges that he was "sometimes" asked to visit the other car washes "while working for Nyack Colonial Car Wash, Inc." (Morocho Aff. ¶2).

7