GEHRING & SATRIALE LLC
Louis R. Satriale, Jr. (LS-5027)
Joseph E. Gehring, Jr. (JG-8178)
370 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 400-7420
(212) 400-7440 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDDY M. MOROCHO, WALTER TACURE on behalf of themselves and others similarly situated, | 07 Civ. 2979 (CLB) (MDF) |
| Plaintiffs, | ELECTRONICALLY FILED |
| -against- | **DECLARATION OF LOUIS R. SATRIALE, JR.** |
| GEORGE C. KELLY and NYACK COLONIAL CAR WASH, INC., | |
| Defendants. | |

LOUIS R. SATRIALE, JR., ESQ. hereby declares as follows:

1.      I am an attorney with the firm of Gehring & Satriale LLC, attorneys for

Defendants.  I have personal knowledge of the facts set forth herein, except where otherwise

indicated.

2.   Attached hereto as Exhibit A is a copy of the Declaration of George Kelly, dated June

14, 2007, which had been filed in support of Defendants' motion to dismiss and for summary

judgment.  In his Declaration, Mr. Kelly stated that "the car wash located in Nyack, New York,

is the only car wash (or any other business) owned or operated by Nyack Colonial."

3.   Attached hereto as Exhibit B is a copy of Plaintiffs' First Request for the Production

of Documents, dated October 4, 2007.  Plaintiffs requested no information concerning any car

wash or business other than the car wash owned and operated by Defendant Nyack Colonial in

Nyack, New York, in these requests.

4.    Attached hereto as Exhibit C is a copy of Plaintiff's Second Request for the Production of Documents, dated January 2, 2008, and Plaintiff's First Set of Interrogatories, dated January 2, 2008.  Plaintiffs requested no information concerning any car wash or business other than the car wash owned and operated by Defendant Nyack Colonial in Nyack, New York, in these requests.

5.    Attached hereto as Exhibit D is a copy of pages 9 through 10 of the transcript of the deposition of Defendant George Kelly, taken on January 15, 2008.

6.    Based on Plaintiffs' interrogatory responses and their deposition testimony (1) Plaintiff Angel Morocho admitted that he worked no overtime and, in any event, had stopped working for the car wash more than three years prior to his filing a consent to join the collective action; (2) Plaintiff Walter Tacuri has not filed a consent to join the collective action and admitted that he stopped working for the car wash more than three years ago; (3) Plaintiff Diego Ojeda admitted that he worked no overtime; (4) Plaintiff Rumberto Burgos admitted that he stopped working for the car wash more than three years prior to filing his consent to join the collective action and, in any event, was dismissed from the action for failing to appear at his court-ordered deposition; and (5) Plaintiff Freddy Morocho was at all relevant times a management employee exempt from the FLSA's overtime requirements.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 2, 2008.

_s/_ _____
Louis R. Satriale, Jr. (LS-5027)

**EXHIBIT A**

GEHRING & SATRIALE LLC
Louis R. Satriale, Jr. (LS-5027)
Joseph E. Gehring, Jr. (JG-8178)
The Lincoln Building
60 East 42nd Street, Suite 817
New York, New York 10165
(212) 400-7420
(212) 400-7440 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDDY M. MOROCHO, WALTER TACURE on behalf of themselves and others similarly situated, | 07 Civ. 2979 (CLB) (MDF) |
| Plaintiffs, | ELECTRONICALLY FILED |
| -against- | **DECLARATION OF GEORGE C. KELLY** |
| GEORGE C. KELLY and NYACK COLONIAL CAR WASH, INC., | |
| Defendants. | |

GEORGE C. KELLY hereby declares as follows:

1.      I am a Defendant in the above-referenced action.  I am also the manager of the car wash owned and operated by Nyack Colonial Car Wash, Inc. ("Nyack Colonial").  I do not own any portion of Nyack Colonial and the car wash located in Nyack, New York, is the only car wash (or any other business) owned or operated by Nyack Colonial.  I am fully familiar with the pleadings and proceedings in this matter and I have personal knowledge of the facts set forth herein, except where otherwise indicated.  I submit this Declaration in support of the Defendants' motion to dismiss or, in the alternative, for summary judgment.

2.      Although I do not specifically remember anyone named "Walter Tacure" working at the car wash since I arrived in 1999, and there are no records of anyone named "Walter Tacure" working at the car wash, I believe that Walter Tacure may be Plaintiff Freddy

Morocho's ("Morocho") uncle, who I knew as "Angel," and who had been working at the car wash when I first arrived there, as manager, in 1999.

3.      At that time, I asked the employees at the car wash for verification of their employment eligibility, but "Angel" was unable to provide such verification and stopped working at the car wash.  Shortly thereafter, Morocho asked me to allow his uncle, "Angel," to resume working at the car wash.  I consented, provided that "Angel" provide proof his employment eligibility as required by law.  "Angel" resumed working at the car wash, but again was unable to provide his employment eligibility verification and stopped working at the car wash at that time.  "Angel" has not worked for Nyack Colonial since that time.

4.      Shortly after I arrived at the car wash, I offered to make Morocho the Operations Manager of the car wash, such that Morocho would undertake many of the responsibilities for which I had been responsible.  At that time, I reviewed a job description for the position with Morocho, which provided, among other things, that he would be responsible for training new employees, directing the employees' work, ensuring that employees arrived to work on time and performed their jobs satisfactorily, and scheduling employees' hours.  (A copy of the job description is attached hereto as Exhibit A.)  The job description also provided that Morocho had the authority to terminate employees for attendance or other performance problems.

5.      Morocho accepted the position of Operations Manager at that time.  At all times thereafter through the date of the termination of his employment, Morocho was the car wash's Operations Manager and performed the duties and had the responsibilities and authority described in his job description.

6.      While he was the Operations Manager, Morocho was paid a weekly salary that was at all times more than $455, and which was not subject to reduction based on the hours he

worked or any other factor. His primary duty was the management of the car wash – in fact, he was responsible for managing the car wash even when not physically at the car wash and was required to have a mobile phone (which Nyack Colonial paid for) in order to regularly check in with the employees when not at the car wash. He also had the discretion to adjust his own work schedule according to the needs of the car wash.

7.      Morocho's employment as Operations Manager was terminated in or around February 2007, for performance issues. At no time during his employment did Morocho ever make any complaint or raise any issue with regard to overtime, tips or anything else concerning allegedly unpaid compensation.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 14, 2007.

GEORGE C. KELLY

**EXHIBIT A**

# NYACK SOFT CLOTH CAR WASH

George Kelly• Mananger

Duties and responabiltys of operation Manager

1) Be present and ready for work at 6:00 -6:15 no later.

2) Making sure all other employees are present for work on time,have a neat apperance and uniform. In a.m. the workers should be in before 6:45 If a employee has apromblem being late or any other reason fire that person.

3) Making sure the car wash is ready to be opened, checking all fluids and chem. Checking equiment for leaks broken parts.

4) Checking equiment for leaks or broken parts.

5) checking the close from the night before , any promblem fix it or clean it
6) P lacement of the employees for the day, collector,srayer,dryer

7) New employee have to be trained and answer any question.

8) Keeping stock of all parts used by us or other car washes ,

ex: vending,lightbulbs,paperproducts,chem, motor,ect
9) Making sure that all employee are kind and helpfull to customers.

10) On a slow day cutting back on employees send extra home, keeping the others busy checking the lot cleaning ect.
11) Calling in more people when needed .

12) Wearing a beeper during operation of car wash,if you are not present

13) Being present when it is busy adjusting your work time to busy times.

14) Checking the guys on shifts that your not here . Call ask is evey thing allright

15) Let me know when we need something at the car wash.shovel,rake,gas cont. ect.

16) Let me know if a employee has a working or personal promblem.

17) Time off let me know in advance if you need time off , IF you have something like for example , next wednesday let me know I can switch your day off ,or give you as many as you need.

18) At the end of your shift and Iam not at the wash call and tell me that you are leaving that there is enough guys its slow and that everything is locked and working .

The above may seem like alot, it is not . The above is really my job , I just need help doing it.

5 Polhemus Street                Nyack, NY 10960            (914) 358-0200 Phone/Fax

**EXHIBIT B**

Karen L. Zdanis, Esq. (KZ-3651)
20 North Broadway
Suite 5
Nyack, New York 10960
(845) 356-0855

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FREDDY M. MOROCHO, WALTER TACURE on behalf of themselves and others similarly situated,<br><br>                  Plaintiffs,<br><br>    - against -<br><br>GEORGE C. KELLY, and NYACK COLONIAL CAR WASH, INC.<br><br>                Defendants. | INDEX NUMBER: 07 CIV. 2979<br><br>**PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

Plaintiffs, Freddy Morocho, Walter Tacuri (improperly pleaded as "Tacure"), by their counsel, on behalf of themselves and all others similarly situated, hereby request pursuant to Federal Rules of Civil Procedure 26 and 34 that defendants produce, on or before November 9, 2007, all of the following designated documents in defendants' possession, custody or control, in accordance with the following definitions and instructions:

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms used in these Requests shall have the following meanings:

1.    The term "Plaintiffs" refers to Freddy M. Morocho, and Walter Tacuri (improperly pleaded as "Tacure").

2.    The term "Defendants" refers to the defendants in this action and their corporate parents, subsidiaries, and affiliates, and their officers, directors, trustees, employees and agents.

3.    In the context of a Request or a response thereto, wherever necessary to bring within the scope of the Request documents that would otherwise be excluded therefrom, the singular shall mean the plural, and the masculine gender shall mean the feminine, and vice versa.

4.    If you object to, or otherwise decline to respond to any portion of a Request, provide all documents called for by that portion of the Request to which you do not object or to which you do not decline to respond.  For those portions of any Request to which you object or otherwise decline to respond, state in detail the reason for such objection or declination.

5.    In the event any document, or portion thereof, is withheld by you on the basis of any claim of privilege or

2

of attorney work product, state in writing with respect to
each document withheld information sufficient to permit a
determination of the validity of that claim, including:
(a) the name and position of each author of the document;
(b) the name and position of each recipient of the
document;  (c) the date of the document;  (d) the subject
matter of the document;  and (e) the grounds for the claim
of privilege or attorney work product.

6. Each Request is of a continuing nature so as to
require supplemental responses in accordance with Federal
Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1. Any documents regarding compensation
paid to plaintiffs, including, without limitation, pay-
check stubs, records maintained pursuant to Title 12,
Section 137-2.1 of the New York Code, Rules and
Regulations, W-2 Forms and any other document filed with
any taxing authority concerning wages, tips or other
compensation received by plaintiffs in connection with
their employment by defendants.

REQUEST NO. 2. Any financial ledgers maintained by
defendants, including without limitation, General Ledgers,
payroll journals, cash disbursement journals, cash receipt

3

journals and any other documents showing cash received by defendants in connection with the businesses operated at 5 Polhemis Street, Nyack, New York 10960.

REQUEST NO. 3. Any tax returns filed by the defendants from January 1, 2001 to the present, including, without limitation, quarterly payroll tax forms, W-2 Forms, and Form 1120S or 1120S.

REQUEST NO. 4. Work schedules for all persons employed by the Car Wash from January 1, 2001 to the present.

REQUEST NO. 5. All payroll records created or maintained by defendants, including, without limitation, those created or maintained pursuant to Title 12, Section 137-2.1 of the New York Code, Rules and regulations from January 1, 2002, and to the present.

REQUEST NO. 6. Any documents regarding tips received by persons rendering services to Car Wash patrons on defendants' premises, including, without limitation, documents sufficient to show the tips receive by each such person.

REQUEST NO. 7. Any time cards or other records regarding or reflecting shifts, hours or services worked by employees of defendants or persons rendering services on defendants' premises.

4

REQUEST NO. 8. Any documents regarding advertising by defendants, including documents regarding internet advertising and any web-site operated or maintained by defendants.

REQUEST NO. 9. Any documents relating to any discipline or evaluation (formal or informal) of plaintiffs.

REQUEST NO. 10. Plaintiffs' personnel files and copies of any documents regarding plaintiffs, including, without limitation, any document referencing plaintiffs' health, performance, compensation, or any complaints made by or concerning plaintiffs.

REQUEST NO. 11. Any documents relating to defendants' policy of complying with the Fair Labor Standards Act or any state law regarding the compensation paid to employees.

REQUEST NO. 12. Any documents relating to or supporting your denial of any allegation of the Complaint, and relating to or supporting each Affirmative or General Defense asserted by you.

REQUEST NO. 13. Any documents relating to plaintiffs' damages, including any documents relating to shifts and hours worked by plaintiffs.

REQUEST NO. 14. Any documents that you contend support the contention that plaintiff is not entitled to all or part of the damages claimed in this action.

REQUEST NO. 15. Copies of all personnel policy statements, manager's guides, employee handbooks or personnel manuals maintained by defendants and/or disseminated to employees.

REQUEST NO. 16. Any documents relating to orientation, training and continuing education programs furnished to defendants' employees, or any of them.

REQUEST NO. 17. Any memoranda, correspondence or other document(s) disseminated to defendants' employees regarding defendants' policies or practices concerning wages, compensation or other form of remuneration paid to employees.

REQUEST NO. 18. Any documents posted at any workplace maintained by the defendants concerning the payment of wages (including minimum wages), compensation or other form of remuneration.

REQUEST NO. 19. Any documents concerning defendants' policies or practices with respect to compensation or remuneration of the employees.

REQUEST NO. 20. Any documents concerning charges, allegations, complaints, investigations or lawsuits concerning alleged violations or violations of the Fair Labor Standards Act or any state law regarding compensation paid to employees by defendants.

6

REQUEST NO. 21. Any documents, to the extent not
already produced in response to this Document Request,
which defendants may seek to introduce into evidence at the
trial of this action.

Dated:   New York, New York
         October 4, 2007


                              _____
                              Karen L. Zdanis
                              20 North Broadway
                              Suite 5
                              Nyack, New York 10960
                              (845) 356-0855

                              Attorney for Plaintiffs

**EXHIBIT C**

Karen L. Zdanis, Esq. (KZ-3651)
20 North Broadway
Suite 5
Nyack, New York 10960
(845) 356-0855

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FREDDY M. MOROCHO, WALTER
TACURE on behalf
of themselves and others
similarly situated,

              Plaintiffs,

     - against -

GEORGE C. KELLY, and NYACK
COLONIAL CAR WASH, INC.

           Defendants.

INDEX NUMBER: 07 CIV. 2979

**PLAINTIFFS' SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Plaintiffs, Freddy Morocho, Walter Tacuri (improperly pleaded as "Tacure"), by their counsel, on behalf of themselves and all others similarly situated, hereby request pursuant to Federal Rules of Civil Procedure 26 and 34 that defendants produce, on or before January 23, 2008, all of the following designated documents in defendants' possession, custody or control, in accordance with the following definitions and instructions:

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms used in these Requests shall have the following meanings:

1.  The term "Plaintiffs" refers to Freddy M. Morocho, and Walter Tacuri (improperly pleaded as "Tacure").

2.  The term "Defendants" refers to the defendants in this action and their corporate parents, subsidiaries, and affiliates, and their officers, directors, trustees, employees and agents.

3.  In the context of a Request or a response thereto, wherever necessary to bring within the scope of the Request documents that would otherwise be excluded therefrom, the singular shall mean the plural, and the masculine gender shall mean the feminine, and vice versa.

4.  If you object to, or otherwise decline to respond to any portion of a Request, provide all documents called for by that portion of the Request to which you do not object or to which you do not decline to respond.  For those portions of any Request to which you object or otherwise decline to respond, state in detail the reason for such objection or declination.

5.  In the event any document, or portion thereof, is withheld by you on the basis of any claim of privilege or

of attorney work product, state in writing with respect to
each document withheld information sufficient to permit a
determination of the validity of that claim, including:
(a) the name and position of each author of the document;
(b) the name and position of each recipient of the
document;   (c) the date of the document;   (d) the subject
matter of the document;   and (e) the grounds for the claim
of privilege or attorney work product.

    6. Each Request is of a continuing nature so as to
require supplemental responses in accordance with Federal
Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1.  Any documents pertaining to the number of cars entering the Defendant Nyack Colonial Car Wash, Inc. for a car wash, waxing, a combination thereof, or other treatment offered by the car wash, including but not limited to reports reflecting daily business from April 13, 2001 through the present.

REQUEST NO. 2.  Any documents pertaining to the amount of tips received from cars entering the Nyack Colonial Car Wash, Inc. for a car wash, waxing, a combination thereof, or other treatment offered by the car wash.

REQUEST NO. 3.  Any documents pertaining to the amount of tips received from cars entering the Nyack Colonial Car Wash, Inc. for a car wash, waxing, a combination thereof, or other treatment offered by the car wash.

Dated:  New York, New York
        January 2, 2008

Karen L. Zdanis
20 North Broadway
Suite 5
Nyack, New York 10960
(845) 356-0855

Attorney for Plaintiffs

4

Karen L. Zdanis, Esq. (KZ-3651)
20 North Broadway
Suite 5
Nyack, New York 10960
(845) 356-0855

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FREDDY M. MOROCHO, WALTER
TACURE on behalf
of themselves and others
similarly situated,

            Plaintiffs,

    - against -

GEORGE C. KELLY, and NYACK
COLONIAL CAR WASH, INC.

           Defendants.

INDEX NUMBER: 07 CIV. 2979

**PLAINTIFFS' FIRST SET OF**
**INTERROGATORIES**

       Plaintiffs, Freddy Morocho, Walter Tacuri (improperly

pleaded as "Tacure"), by their counsel, on behalf of

themselves and all others similarly situated, hereby

request pursuant to Federal Rules of Civil Procedure 33

that defendants answer in writing, separately, and under

oath, the following Interrogatories:

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms used in these Interrogatories shall have the following meanings:

1.  The term "Plaintiffs" refers to Freddy M. Morocho, Walter Tacuri (improperly pleaded as "Tacure"), Angel Morocho, Jose Morocho, Diego Ojeda, Remberto Burgos, and Rafael Paguay.

2.  The term "Defendants" refers to the defendants in this action and their corporate parents, subsidiaries, and affiliates, and their officers, directors, trustees, employees and agents.

3.  In the context of an Interrogatory or a response thereto, wherever necessary to bring within the scope of an answer information that would otherwise be excluded therefrom, the singular shall mean the plural, and the masculine gender shall mean the feminine, and vice versa.

4.  If you object to, or otherwise decline to respond to any portion of an Interrogatory, provide a response to that portion of the Interrogatory to which you do not object or to which you do not decline to respond.  For those portions of an Interrogatory to which you object or otherwise decline to respond, state in detail the reason for such objection or declination.

5. In the event any answer, or portion thereof, is withheld by you on the basis of any claim of privilege or of attorney work product, state in writing with respect to each document withheld information sufficient to permit a determination of the validity of that claim, including: (a) the name and position of each author of the document; (b) the name and position of each recipient of the document; (c) the date of the document; (d) the subject matter of the document; and (e) the grounds for the claim of privilege or attorney work product.

6. Each Interrogatory is of a continuing nature so as to require supplemental responses in accordance with Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

INTERROGATORY NO. 1. Set forth the annual revenue Defendant Nyack Colonial Car Wash, Inc. received from the vacuums for the years 2001 through the present.

INTERROGATORY NO. 2. Set forth the annual revenue Defendant Nyack Colonial Car Wash, Inc. received from the car washes for the years 2001 through the present.

INTERROGATORY NO. 3. Set forth the number of cars that were either washed, waxed, or a combination thereof or otherwise treated by Defendant Nyack Colonial Car Wash, Inc. on a monthly basis for the years 2001 through the present.

INTERROGATORY NO. 4. Set forth the dollar amount of tips that the Defendant Nyack Colonial Car Wash, Inc. and/or Defendant George Kelly collected from the Defendant's tip box on a monthly basis for the years 2001 through the present.

Dated:   New York, New York
         January 2, 2008

Karen L. Zdanis
20 North Broadway
Suite 5
Nyack, New York 10960
(845) 356-0855

Attorney for Plaintiffs

**EXHIBIT D**

9

1                          G. KELLY

2         Q     Nyack Colonial?

3         A     Car Wash.

4         Q     Car Wash, Inc?

5         A     I would think so, yes.

6               MR. SATRIALE:  Don't guess.  George,

7         if you know, you know.

8         A     Right.

9               MR. SATRIALE:  Don't guess.

10        Q     And the three individuals who you

11    identified earlier, have an interest in both

12    the corporations you just mentioned as far as

13    you know?

14        A     I'm not sure how that's all broken

15    down.

16        Q     Do you know if one of the two

17    corporations that you just mentioned owns the

18    Nyack Soft Cloth Car Wash?

19        A     Owns -- I'm not sure of that either,

20    like who is the owners, you mean for which

21    corporation?

22        Q     Well, do you know if Nyack -- who is

23    the owner, which is the corporate entity that

24    owns Nyack Soft Cloth Car Wash, if you know?

25              MR. SATRIALE:  Objection to form,

10

                              G. KELLY

1

2          but you can answer if you know.

3          A    Nyack, Incorporated, Nyack Colonial,

4    Incorporated.

5          Q    But you said there were two

6    corporations, what does the second Corporation,

7    that the J & J, Inc., owned?

8          A    J & J, Inc., are like, the property.

9          Q    The property that the car wash --

10   that --

11         A    Yes.

12         Q    That Nyack Soft Cloth Car Wash sits

13   on?

14         A    No, they are a corporation -- they

15   are the original owners, that's all I can

16   really tell you, I don't know much about how

17   it's all broken down as far as --

18         Q    J and J is the original owners of --

19         A    Correct.

20         Q    Of what?

21         A    Of the car wash.

22         Q    Nyack Soft Cloth Car Wash?

23         A    Yes, and then the partners of Nyack,

24   Incorporated is James Miner and Timothy Weigel.

25         Q    When you say Nyack Incorporated, you