```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
FREDDY M. MOROCHO, WALTER
TRUCURE on behalf
of himself and others
similarly situated,

                Plaintiff,         07 Civ. 2979 (CLB)(MDF)

        - against -

GEORGE C. KELLY, and NYACK
COLONIAL CAR WASH, INC.

                Defendants.
```

## PLAINTIFFS' POST-HEARING MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF THEIR MOTION FOR SANCTIONS

Plaintiffs respectfully submit this post-hearing memorandum of law in further support of their motion for an order imposing sanctions on defendants' counsel Louis Satriale for his misconduct at the deposition of non-party witness John Occhino.

### Factual Background

The deposition of non-party witness John Occhino pursuant to a subpoena served by counsel for plaintiffs' proceeded at the office of Karen Zdanis on March 7, 2008.[1] During the course of the deposition, counsel for plaintiff Karl Stoecker, initiated a telephone call to the Court pursuant to Fed. R. Civ. P. 30(d) to address misconduct by Mr. Satriale, counsel for the defendants and the non-party deponent, during the course of the deposition[2] When the parties were unable to resolve the issues with the Court over

---

[1] The deposition proceeded at the office of Karen Zdanis in Nyack, New York as an accommodation to non-party witness, notwithstanding that Mr. Stoecker's office is located in Mineola, New York in Nassau County.
[2] The deposition proceeded in a conference room in Ms. Zdanis' building and the parties did not have access to a land-line conference phone during the deposition. The parties therefore attempted to make the Rule 30(d) conference call from Mr. Stoecker's cell phone.

the telephone, the Court ordered them to appear for an in- person conference on March 10, 2008.

At the March 10th conference the Court was advised, among other things, that during the course of the Occhino deposition, Mr. Satriale:

    (i)    instructed the witness not to answer questions on grounds other than privilege in violation of Local Civil Rule 26.2 and previous orders of this Court in this action;

    (ii)    coaxed testimony from the witness throughout the deposition;

    (iii)    got up and left the room with the witness to confer while questions were pending; and

    (iv)    interrupted the witness when he was responding to questions.

Defendants' April 24th Hearing Exhibit A at 4-5 (Transcript of the March 10, 2008 conference hereafter referred to as "March 10th Conference Transcript.")

At the March 10th conference, Mr. Satriale alleged that shortly after the outset of the Occhino deposition, counsel for plaintiff requested to go off the record, turned to the witness, and said "*this is a joke; you're an embarrassment.*" March 10th Conference Transcript at 3. In addition, although not raised at the conference by counsel for plaintiff, Mr. Satriale denied that he banged on the table or pointing his finger during the Occhino deposition. March 10th Conference Transcript at 3-4.

The Court then ordered a hearing to address the foregoing claims. At the outset of the hearing, however, the Court advised the parties that it would hear testimony solely on two narrow issues: (i) whether Mr. Stoecker "made statements to Mr. Occhino off the record saying "this is a joke, your're an embarrassment;" and (ii) whether Mr. Satriale was "banging on the table during the deposition." Transcript of the April 24, 2008 Hearing ("Hearing Transcript") at 2-3.

2

### **The Alleged Off-The-Record Comments**

The hearing testimony established that Mr. Satriale's representation to the Court at the March 10th conference was false. Thus at the hearing, Mr. Satriale backed away from his March 10th allegation and testified instead, in response to direct examination by his law partner, that Mr. Stoecker said "*this is an embarrassment*" during the off-the-record exchange at issue, not "this is a joke, you're an embarassment." Hearing Transcript at 5.

There was conflicting testimony as to whom the alleged "this is an embarrassment" comment was directed. Mr. Satriale testified that Mr. Stoecker was looking at the witness when the comment was made. Id. The Court Reporter, however, controverted Mr. Satriale's testimony and testified that the comment was not directed at the witness, but instead was a "general statement" made while Mr. Stoecker was "looking down at [his] paper." Hearing Transcript at 32. Mr. Stoecker, the Court Reporter confirmed, was not looking "directly at anyone" when the comment was made. Hearing Transcript at 31-32. Mr. Stoecker also controverted Mr. Satriale's testimony regarding the intended recipient of the comment. Hearing Transcript at 39.[3]

Mr. Satriale further testified that during a subsequent off-the-record exchange Mr. Stoecker said *either* "you're a joke" or "this is a joke" but wasn't sure

---

[3] Mr. Occhino, for his part, initially testified in response to direct examination that "Mr. Stoecker made a couple of comments" but did not specify to whom the comments were directed. Hearing Transcript at 18, 20. Later, however, when the Court inquired of Mr. Occhino: "[h]e was looking at you when it was said" Mr. Occhino acquiesced to the Court's description of events. Hearing Transcript at 21.

As to the substance of the comments, Mr. Occhino gave conflicting testimony. Initially, he repeated the "this is a joke, you're an embarrassment" comment that Mr. Satriale alleged at the March 10 conference and then repudiated at the April 24th hearing. On cross examination, however, Mr. Occhino finally conceded that Mr. Stoecker said "*this is an embarrassment*" not "you're an embarrassment." *Compare* Hearing Transcript at 18 ("*you're* an embarrassment") with Hearing Transcript at 20 ("*this* is an embarrassment").

3

which.  (Hearing Transcript 6, 60-61) The Court Reporter, however, contradicted Mr. Satriale's alternative testimony to the extent it suggested that Mr. Stoecker said "you're a joke" and confirmed that Mr. Stoecker did not say to the deponent "you are a joke." Hearing Transcript at 31.  Finally, the Court Reporter testified that the off-the-record comments at issue were thereafter put on the record.  Hearing Transcript at 26.  The Occhino deposition transcript indicates that Mr. Stoecker "asked the witness if he thinks that *this is a joke*" (Deposition Transcript at 68) and that Mr. Satriale did not challenge this description of the exchange either at the deposition or at the hearing and indeed, his alternative (either/or) hearing testimony is consistent with it.  Hearing Transcript 60-61. Finally, Mr. Occhino also controverted his counsel Mr. Satriale's testimony and confirmed that Mr. Stoecker said "this," not "you're," when he used the term "joke." Hearing Transcript at 18, 20-21

### Mr. Satriale's Intimidating Physical Gestures

As to Mr. Satriale's physical gestures during the Occhino deposition, Mr. Occhino testified, in response to direct examination by Mr. Satriale's partner, that when Mr. Satriale pointed his finger he "was actually *pointing to the court stenographer* saying that 'I hope I don't have to subpoena you to a court hearing.'"  Hearing Transcript at 19 (emphasis added).  The Court Reporter's testimony confirmed that Mr. Satriale was "gesturing in his seat, basically like this, pointing a finger." Hearing Transcript at 29. Mr. Stoecker similarly testified that Mr. Satriale had a practice of attempting to intimidate deposition attendees by pointing his finger during this and other depositions. Hearing Transcript at 42, 52-53.[4]

---

[4] The transcript of the deposition of named-plaintiff Freddy Morocho reveals the following exchange:

### **Mr. Satriale's On-The-Record Misconduct**

Although the Court narrowed the issues to be addressed at the hearing to whether Mr. Stoecker said "this is a joke, you're an embarrassment" and whether Mr. Satriale was banging on the table, and precluded inquiry into Mr. Satriale's other misconduct, (Hearing Transcript at 2-3) it nonetheless permitted limited testimony regarding Mr. Satriale's on-the-record deposition misconduct which preceded the alleged off-the-record exchanges that were the focus of the hearing.[5] That testimony established the following misconduct by Mr. Satriale at the deposition.

> "MR. SATRIALE:   Mr. Morocho, now I'm going to stop you, okay? You don't get to make the rules. I have not asked you this entire day what you made in December of 2007 from the taxi company. I don't think your being truthful with me right now.
>
> MS. ZDANIS:   Stop pointing first of all.
>
> Mr. SATRIALE:   It's not believable, and I'm not pointing at anybody. Its unbelievable that you don't know what you made last month or the month before.
>
> MS. ZDANIS:   First of all, you can't tell my client what's believable and what's not believable.
>
> MR. SATRIALE:   I can tell him all I want.
>
> MS. ZDANIS: If you're hereto speak for the record, then what's the purpose of asking - -
>
> Mr. SATRIALE:   The purpose is, I'm asking questions. I'm asking very simple questions that any person who is being truthful would have some idea of what they made.
>
> MS. ZDANIS:   I disagree.
>
> MR. SATRIALE: I don't believe he's being truthful."

Transcript of the Deposition of Plaintiff Freddy Morocho taken on February 13, 2008 at 122-123. (copies of the foregoing excerpts are annexed hereto)

---

[5] Mr. Satriale's on-the-record deposition misconduct was addressed in plaintiffs' pre-hearing submission filed by ECF on April 21, 2008. ("Plaintiffs' Pre-Hearing Submission") Plaintiff respectfully

5

First, as set forth in Plaintiffs' Pre-Hearing Submission, the hearing testimony confirmed that Mr. Satriale interrupted the witness while the latter was giving dispositive testimony because, as Mr. Satriale testified at he hearing, he "believe[d] Mr. Occhino was not being responsive to the prior question." Hearing Transcript at 14.

Second, the hearing testimony further established that Mr. Satriale interrupted the deposition again, berated opposing counsel on the record, and then refused to continue the deposition after refusing to share his copy of a document with his client-deponent. Transcript at 22-23, 44-49. Although Mr. Satriale testified at the hearing that he didn't think it was "appropriate" to have to place his copy of the document between himself and the witness so they could both peruse it while a question was asked, he did not controvert Mr. Stoecker's testimony that he produced a single copy of a large quantity of documents to be used at the deposition at its outset notwithstanding that he did not believe it "appropriate" for deposition attendees to share documents and that this could have "hampered" the deposition. Transcript at 44, 59-60.

### Argument

### I.

**MR. SATRIALE'S CONDUCT AT THE DEPOSITION AND HIS DEMONSTRABLY FALSE ALLEGATION REGARDING PLAINTFFS' COUNSEL'S CONDUCT WARRANT SANCTIONS**

Federal Rule of Civil Procedure 30(d)(2) provides that "[t]he court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair

---

refers the Court to that submission for details regarding Mr. Satriale's on-the-record misconduct at the deposition and will limit the discussion here to the limited testimony the Court permitted at the hearing on these issues.

6

examination of the deponent."[6]  Here, it is beyond peradventure that Mr. Satriale did just that.  As discussed in Plaintiff's Pre-Hearing Submission, as further revealed at the hearing, and as confirmed by the Deposition Transcript, Mr. Satriale's conduct not only impeded, delayed and frustrated a fair examination of the deponent, it rendered it impossible to obtain useable testimony from him on a principal claim in the action.  Deposition Transcript at 48-49.  *See also* 50-64.  Indeed, it was impossible to obtain any testimony from the witness after Mr. Satriale effectively suspended the deposition when he refused to share his copy of a document with the witness.  Deposition Transcript at 89-94.

Mr. Satriale's purported explanation for his interruption and silencing of his client during the deposition – that he didn't believe his client was being responsive to the question – hardly excuses his misconduct.  Hearing Transcript at 14.  Indeed, the Federal Rules of Civil Procedure, expressly circumscribe precisely the kind of the interruptions, speaking objections, coaching and other misconduct Mr. Satriale engaged in throughout the deposition.  See, e.g., Fed. R. Civ. P. 30(c)(2).

---

[6] Due process requires that, among other things, a sanctioned attorney be placed on notice of the particular statutory provision on other legal basis upon which his conduct is being evaluated so that he can respond to allegations of misconduct before sanctions are imposed.  *Nuwesra v. Merrill, Lynch, Fenner & Smith, Inc.,* 174 F.3d 87, 92 (2d Cir. 1999)(imposition of sanctions reversed where insufficient notice given); *Lapidus v. Vann,* 112 F.3d 91, 96-97 (discussion of notice requirement and reversal of sanctions order because notice was inadequate); *Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc*. 57 F.3d 1215, 1225 (3rd Cir. 1995)(" notice *will* usually require notice of the precise sanctioning tool that the court intends to employ").

Here, the Court did not apprise either party *before* the hearing of the any precise sanctioning tool being considered or indeed, even whether sanctions were being considered.  However, during the course of the hearing, the Court made reference to Fed. R. Civ. P. 30(d) although it never indicated that it was considering the imposition of sanctions pursuant to that Rule.  Accordingly, without conceding that this was adequate notice to comply with due process, we will assume for purposes of this submission that in the event the Court would consider sanctions in connection with the deposition the Court would evaluate the propriety of sanctions pursuant to Rule 30(d)(2).

7

To make matters worse, Mr. Satriale thereafter sought to deflect attention from his own misconduct by making a demonstrably false accusation in open court at the March 10th conference, an accusation which he later retracted at the hearing; which was belied by the deposition transcript; and which was controverted by the Court Reporter's hearing testimony and ultimately repudiated by his own client on cross examination. *See*, *supra at 3-4.* Thus the hearing testimony conclusively established that counsel for plaintiff did not abruptly go off the record at the outset of the deposition, turn to the witness, and say "this is a joke, you're an embarrassment." *Id.*[7]

The imposition of sanctions under Federal Rules of Civil Procedure 30(d)(2) does not require a finding of bad faith. *See Sicurelli v. Jeneric/Pentron, Inc.,* No. 03-4934, 2005 WL 3591701, at *8 (E.D.N.Y. Dec.30, 2005) ("[F]or purposes of Rule [30(d)(2)] , a clear showing of bad faith on the part of the attorney against whom sanctions are sought is not required. Instead, the imposition of sanctions under Rule [30(d)(2)] requires only that the attorney's conduct frustrated the fair examination of the deponent."); *Pucket v. Hot Springs Sch. Dist. No. 23-2,* 239 F.R.D. 572, 588 (D.S.D.2006) (same); *Devaney v. Cont'l Am. Ins. Co.,* 989 F.2d 1154, 1162 (11th Cir.1993) (rejecting "the notion of a bad faith requirement" under Rule 37(a)(5)(A) (citing *Merritt v. Int'l Brotherhood of Boilermakers,* 649 F.2d 1013, 1019 (5th Cir.1981) .

---

[7] Mr. Satriale's contention that there is no difference between calling the witness an embarrassment and making a general statement about the conduct of the deposition is not persuasive. In any event, we have found no authority for the proposition that – even if Mr. Satriale's March 10th conference allegations were true - they would warrant invocation of Rule 30(d)(2). There has been no contention that the alleged off-the-record comments impeded, delayed or frustrated the examination of the deponent. Indeed, given that they were alleged to have been made off-the-record near the conclusion of a deposition which, in any event, was shortly thereafter effectively terminated by Mr. Satriale when he refused to share his copy of a document with the witness, it cannot be contended that they prejudiced the defendants' efforts to take discovery in this action in any way. *See* Rule 30(d)(2) (referring to expenses or fees incurred by any *party*). Indeed, given that the deposition of this non-party witness was undertaken as part of plaintiffs' discovery efforts, any impediment or delay in discovery caused by the alleged off-the-record comments caused harm only to the plaintiffs and in no way prejudiced the defendants discovery efforts in this action.

Accordingly, should the Court determine that it is appropriate to consider sanctions arising from the attorneys' conduct at the deposition of Mr. Occhino, plaintiff respectfully submits that they should be levied against Mr. Satriale for his egregious conduct which undeniably made a fair examination of Mr. Occhino impossible.

Dated: Mineola, New York
     May 2, 2008

LAW OFFICES OF KARL J. STOCKER

By:_____/s_____
Karl J. Stoecker (KS-0571)
22 Jericho Turnpike,
Suite 100 East
Mineola, New York 11501
(516) 279-6383