UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDDY M. MOROCHO, WALTER M. TACURE, on behalf of themselves and all others similarly situated,

                Plaintiffs,

- against –

GEORGE C. KELLY, and NYACK COLONIAL CAR WASH, INC.,

                Defendants.

No. 07 Civ. 2979 (CLB)(MDF)

ELECTRONICALLY FILED

AFFIDAVIT OF KARL J. STOECKER IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

       Karl J. Stoecker declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

       1.    I am counsel to plaintiff in this action and submit this declaration in further support of plaintiffs' motion for leave to file an amended complaint.

       2.    Annexed hereto as Exhibit A is a copy of a letter dated October 5, 2007 from Karen L. Zdanis, Esq. to the Honorable Charles L. Brieant.

       3.    Annexed hereto as Exhibit B is a copies of a letters dated October 24, 2007, November 2, 2007 and December 10, 2007 from Karen L. Zdanis, Esq. to Louis R. Satriale, Esq.

       4.    Annexed hereto as Exhibit C is a copy of Defendants' Responses and Objections to Plaintiffs' Request for Production of Documents dated November 30, 2007.

       5.    Annexed hereto as Exhibit D is a copy of a letter dated January 16, 2008, from Karen L. Zdanis, Esq. to Louis R. Satriale, Esq.

6. Annexed hereto as Exhibit E is a copy of a letter dated January 28, 2008, from Louis Satriale, Esq. to Karen L. Zdanis, Esq.

7. Annexed hereto as Exhibit F is a copy of a letter dated February 5, 2008, from Karen L. Zdanis, Esq. to the Honorable Charles L. Brieant.

8. Annexed hereto as Exhibit G is a copy of an email dated January 30, 2008, from Louis Satriale, Esq. to Karen L. Zdanis, Esq.

9. Annexed hereto as Exhibit H is a copy of an email dated February 20, 2008, from Louis Satriale, Esq. to Karen L. Zdanis, Esq.

10. Annexed hereto as Exhibit I are copies of redacted documents produced by defendants in discovery in this action.

11. Annexed hereto as Exhibit J are excerpts of unsigned tax returns produced by defendants in this action.

12. Annexed hereto as Exhibit K are excerpts from the deposition of defendants George C. Kelly taken on January 15, 2008.

13. Annexed hereto as Exhibit L is a letter dated February 6, 2008, from Louis R. Satriale, Jr. to the Honorable Charles L. Brieant.

14. Annexed hereto as Exhibit M is a of the Transcript for a conference held before the Court on March 17, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Mineola, New York
       May 15, 2008

                                                 /s
                                         Karl J. Stoecker

# EXHIBIT A

# Karen L. Zdanis, Esq.
Attorney at Law

20 North Broadway
Suite 5
Nyack, New York 10960
Tel (845) 356- 0855
Fax (845) 353-7766

October 5, 2007

*Via facsimile (914) 390-4085*
The Honorable Charles L. Brieant
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

     Re:  Morocho v. Kelly, *et al.*
           Case No.: 07 CIV. 2979 (CJB)

Dear Judge Brieant:

    We represent plaintiffs in the above referenced action. We write pursuant to Local Civil Rule 37.2 and Your Honor's Individual Practices to request a conference with the Court regarding discovery in this action. As set forth below, the defendants have refused to cooperate with our efforts to obtain discovery in this action

    Defendants were serviced with the Summons and Complaint in this action on or about April 23, 2007. Thereafter defendants' counsel requested an extension of time to respond to the Complaint until June 15, 2007, and we consented. In the interim we received Your Honor's notice scheduling a conference pursuant to Federal Rule of Civil Procedure 16(b) on June 15, 2007, and immediately forwarded a copy to defendant.

    Defendants then requested and received an adjournment of the June 15, 2007 scheduling conference until July 20, 2007. Shortly thereafter we wrote to defendants' counsel to schedule a conference pursuant to Federal Rule of Civil Procedure 26(f), but defendants' counsel advised that his partner's vacation schedule precluded a conference on the dates proposed.

The Honorable Charles L. Brieant                                  Page 2
October 5, 2007

    Subsequently, on June 15, 2007 Defendants filed a motion to dismiss, or in the alternative for summary judgment, and indicated to us that pursuant to an *ex parte* communication they had with chambers, the Court had determined that a discovery scheduling conference was unnecessary in light of defendants' motion.

    When further efforts to schedule a Rule 26(f) conference with defendants' counsel were unsuccessful, we filed a timely opposition to defendants' motion. Due to alleged conflicts with defendants' counsel's vacation schedule, however, defendants later requested and received from the Court, an extension of time to file their reply papers in further support of their motion.

    As Your Honor is aware, Rule 26(d) precludes plaintiff from taking discovery before the parties have conferred as required by Rule 26(f). Defendants, however, have apparently taken the position that their motion suspends the operation of their discovery obligations and particularly those imposed by Federal Rules of Civil Procedure 16 and 26.

    Accordingly, plaintiffs respectfully request a scheduling conference at which a Scheduling Order will be entered providing for expedited discovery so that in the event that the Court determines to entertain defendants' pending pre-answer, pre-discovery summary judgment motion, the plaintiffs will be afforded an opportunity to submit a supplemental response to that motion which is informed by appropriate discovery.

                                    Respectfully submitted,

                                    Karen Zdanis


cc: Louis R. Satriale, Esq., *via facsimile*

# EXHIBIT B

**Karen L. Zdanis**
Attorney At Law

20 North Broadway
Suite 5
Nyack, New York  10960

Telephone: 845-356-0855
Facsimile: 845-353-7766

October 24, 2007

*Via Facsimile Only*
Lou R. Satriale, Esq.
Gehring & Satriale LLC
The Lincoln Building
60 East 42nd Street, Suite 817
New York, New York 10165

       Re:  Morocho v. Kelly, et al.
            Case No.: 07 CIV. 2979

Dear Mr. Satriale:

    I tried reaching you today to discuss discovery as required by Federal Rule of Civil Procedure 26, however I reached your voicemail.  When we scheduled the telephone conference on Monday, you indicated that you were not certain of your schedule for Wednesday, and in the event you were not available Wednesday I would keep Thursday, October 25, 2007 at 2:00 p.m available on my schedule.

    Since I was not able to reach you today, I am requesting that we have a telephone conference, as previously discussed, for tomorrow, Thursday, at 2:00 p.m.  As I explained, I have a closing later tomorrow afternoon, so we need to begin on time.

    Please contact me to confirm.

                                  Very truly yours,

                                  Karen Zdanis

# Karen L. Zdanis
Attorney At Law

20 North Broadway
Suite 5
Nyack, New York   10960

Telephone: 845-356-0855
Facsimile: 845-613-0096

November 2, 2007

*Via Facsimile Only*
Lou R. Satriale, Esq.
Gehring & Satriale LLC
The Lincoln Building
60 East 42nd Street, Suite 817
New York, New York 10165

      Re:   Morocho v. Kelly, et al.
            Case No.: 07 CIV. 2979

Dear Mr. Satriale:

    Although we noticed your client George C. Kelly for a deposition on Monday, November 5, 2007, this letter confirms that this date is not acceptable to Defendants, and therefore we are not proceeding with his deposition on Monday. Please provide me with dates you are available to reschedule his deposition.

    In addition, this serves as a reminder that as per the conference before Judge Brieant on October 26, 2007, Defendants have been ordered produce the names and addresses of employees of the Defendant Nyack Colonial Car Wash by November 15, 2007.

    Lastly, please note that my facsimile has changed to the above listed number.

                                 Very truly yours,

                                 Karen Zdanis

# Karen L. Zdanis
### Attorney At Law

20 North Broadway
Suite 5
Nyack, New York 10960

Telephone: 845-356-0855
Facsimile: 845-613-0096

December 10, 2007

*Via Regular Mail*
Louis R. Satriale, Esq.
Gehring & Satriale LLC
370 Lexington Avenue
Suite 1200
New York, New York 10017

      Re:  Morocho v. Kelly, et *al.*
           Case No.: 07 CIV. 2979

Dear Mr. Satriale:

    Despite repeated written requests, we have not received any dates that your client, George Kelly, is available for a deposition. Therefore we are rescheduling his deposition for January 8, 2008 at 10:00 a.m. in my office at 20 North Broadway, Suite 5, Nyack, New York.

    In addition, please be advised that all the individuals that Defendants have thus far noticed for depositions need Spanish translators for their depositions.

                                  Very truly yours,

                                  /s/
                                Karen Zdanis

cc: Karl Stoecker, Esq., *via email*

# EXHIBIT C

GEHRING & SATRIALE LLC
Louis R. Satriale, Jr. (LS-5027)
Joseph E. Gehring, Jr. (JG-8178)
370 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 400-7420
(212) 400-7440 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDDY M. MOROCHO, WALTER TACURE on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> GEORGE C. KELLY and NYACK COLONIAL CAR WASH, INC., <br><br> Defendants. | 07 Civ. 2979 (CLB) (MDF) <br><br> **RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS** <br><br> ECF Case |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants, by their attorneys Gehring & Satriale LLC, hereby object and respond to Plaintiffs Request for the Production of Documents, dated October 4, 2007 (the "Request"), as follows:

## GENERAL RESPONSES

A.     These responses are made without waiver of: (i) any objections as to competency, relevancy, materiality, privilege and admissibility of each response, or any other proper grounds, including documents produced and the subject matter thereof, in any further proceeding in this action; (ii) the right to object to the use of any particular response or document provided pursuant to such response, or the subject matter thereof, on any ground in any further proceeding in this action; and (iii) the right, at any time, to revise, correct, supplement or clarify any of these responses.

B.     Defendants expressly reserve their right to rely at any time, including in any

further proceedings in this action, on documents that are subsequently discovered or were omitted from these responses as a result of mistake, error, oversight or inadvertence.

C. These responses and any further responses or documents produced therein are made without any acknowledgment or concession that the documents requested are relevant to the subject matter of this action.

## GENERAL OBJECTIONS

A. Defendants object to each request to the extent that it seeks to require them to provide a response or produce documents outside of their possession or custody and over which they have no control on the ground that such request exceeds the permissible scope of discovery under the Federal Rules of Civil Procedure.

B. Defendants object to each request to the extent that it seeks the disclosure of confidential and/or privileged information and/or communications, and/or attorneys' work product and/or trial preparation material on the ground that such discovery is not permissible under the Federal Rules of Civil Procedure.

C. Defendants object to each request to the extent that it seeks documents irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

D. Defendants object to each request to the extent that it seeks documents that are unduly burdensome to obtain and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence, including requests for the identification of all documents or each document when all relevant facts can be obtained from fewer than all documents or each document.

E. Defendants object to each request to the extent that it seeks documents that are unrelated to this action or related to employees other than Plaintiffs. Information unrelated to

this action or to Plaintiffs has been redacted from the documents to be produced.

F. Defendants object to each request to the extent that it is ambiguous, vague or otherwise incomprehensible.

G. Defendants object to each request to the extent that it seeks a response which is duplicative of responses to one or more of the other requests.

H. Defendants object to each request to the extent that it is overbroad.

I. Defendants object to each request to the extent that it is incapable of response.

In addition to the General Objections set forth above, which are incorporated by referenced into each response below, Defendants will also state other specific objections where appropriate. By setting forth such specific objections, Defendants do not intend to limit, restrict or waive any of the General Objections set forth above. To the extent that Defendants produce documents in response to a request to which it objects, such objections are not waived by the production of documents. In addition, the inadvertent disclosure of privileged information or release of privileged documents shall not constitute a waiver of any applicable privilege.

**RESPONSES AND OBJECTIONS**

Document Request 1. Any documents regarding compensation to plaintiffs, including, without limitation, pay-check stubs, records maintained pursuant to Title 12, Section 137-2.1 of the New York Code, Rules and Regulations, W-2 Forms and any other document filed with any taxing authority concerning wages, tips or other compensation received by plaintiffs in connection with their employment by defendants.

Response. Subject to, and without waiving, the General Objections, relevant non-privileged documents will be produced to the extent located.

Document Request 2. Any financial ledgers maintained by defendants, including without limitation, General Ledgers, payroll journals, cash disbursement journals, cash receipt journals

3

and any other documents showing cash received by defendants in connection with the business operated at 5 Polhemus Street, Nyack, New York 10960.

Response. Defendants object to the foregoing request on the grounds that it is overly broad, seeks confidential information, and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

Document Request 3. Any tax returns filed by the defendants from January 1, 2001 to the present, including, without limitation, quarterly payroll tax forms, W-2 Forms, and Form 1120S or 1120S [sic].

Response. Defendants object to the foregoing request on the grounds that it is overly broad, seeks confidential information, and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving, these and the General Objections, relevant non-privileged documents will be produced to the extent located.

Document Request 4. Work schedules for all persons employed by the Car Wash from January 1, 2001 to the present.

Response. Defendants object to the foregoing request on the grounds that it is overly broad, seeks confidential information, and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving, these and the General Objections, relevant non-privileged documents relating to plaintiffs will be produced to the extent located.

Document Request 5. All payroll records created or maintained by defendants, including, without limitation, those created or maintained pursuant to Title 12, Section 137-2.1 of the New York Code, Rules and Regulations from January 1, 2002, and to the present.

4

**Document Request 6.** Any documents regarding tips received by persons rendering services to Car Wash patrons on defendants' premises, including without limitation, documents sufficient to show the tips received by each such person.

**Response.** Defendants object to the foregoing request on the grounds that it is overly broad, seeks confidential information, and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving, these and the General Objections, relevant non-privileged documents relating to plaintiffs will be produced to the extent located.

**Document Request 7.** Any time cards or other records regarding or reflecting shifts, hours or services worked by employees of defendants or persons rendering services on defendants' premises.

**Response.** Defendants object to the foregoing request on the grounds that it is overly broad, seeks confidential information, and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving, these and the General Objections, relevant non-privileged documents relating to plaintiffs will be produced to the extent located.

**Document Request 8.** Any documents regarding advertising by defendants, including documents regarding Internet advertising and any web-site operated or maintained by defendants.

5

Response. Defendants object to the foregoing request on the grounds that it is overly broad, seeks confidential information, and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

Document Request 9. Any documents relating to any discipline or evaluation (formal or information) of plaintiffs.

Response. Subject to, and without waiving, the General Objections, relevant non-privileged documents will be produced to the extent located.

Document Request 10. Plaintiffs' personnel files and copies of any documents regarding plaintiffs, including, without limitation, any document referencing plaintiffs' health, performance, compensation, or any complaints made by or concerning plaintiffs.

Response. Subject to, and without waiving, the General Objections, relevant non-privileged documents will be produced to the extent located.

Document Request 11. Any documents relating to defendants' policy of complying with the Fair Labor Standards Act or any state law regarding the compensation paid to employees.

Response. Defendants object to the foregoing request on the grounds that it is vague and ambiguous. Subject to, and without waiving, these and the General Objections, relevant non-privileged documents will be produced to the extent located.

Document Request 12. Any documents relating to or supporting your denial of any allegation of the Complaint, and relating to or supporting each Affirmative or General Defense asserted by you.

Response. Subject to, and without waiving, the General Objections, relevant non-privileged documents will be produced to the extent located. In addition, the jacket worn by Plaintiff Morocho in the course of his employment is available for inspection.

Document Request 13. Any documents relating to plaintiffs' damages, including any documents relating to shifts and hours worked by plaintiffs.

Response. Defendants object to the foregoing request on the grounds that it is vague and ambiguous. Subject to, and without waiving, these and the General Objections, relevant non-privileged documents will be produced to the extent located.

Document Request 14. Any documents that you contend support the contention that plaintiff [sic] is not entitled to all or part of the damages claimed in this action.

Response. Defendants object to the foregoing request on the grounds that it is vague and ambiguous. Subject to, and without waiving, these and the General Objections, relevant non-privileged documents will be produced to the extent located. In addition, the jacket worn by Plaintiff Morocho in the course of his employment is available for inspection.

Document Request 15. Copies of all personnel policy statements, manager's guides, employee handbooks or personnel manuals maintained by defendants and/or disseminated to employees.

Response. Defendants object to the foregoing request on the grounds that it is vague, is ambiguous, is overly broad, and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving, these and the General Objections, relevant non-privileged documents will be produced to the extent located.

Document Request 16. Any documents relating to orientation, training and continuing education programs furnished to defendants' employees, or any of them.

Response. Defendants object to the foregoing request on the grounds that it is vague, is ambiguous, is overly broad, and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject

7

to, and without waiving, these and the General Objections, relevant non-privileged documents will be produced to the extent located.

Document Request 17. Any memoranda, correspondence or other document(s) disseminated to defendants' employees regarding defendants' policies or practices concerning wages, compensation or other form of remuneration paid to employees.

Response. Subject to, and without waiving, the General Objections, relevant non-privileged documents will be produced to the extent located.

Document Request 18. Any documents posted at any workplace maintained by defendants concerning the payment of wages (including minimum wages), compensation or other form of remuneration.

Response. Subject to, and without waiving, the General Objections, relevant non-privileged documents will be produced to the extent located.

Document Request 19. Any documents concerning defendants' policies or practices with respect to compensation or remuneration of the employees.

Response. Subject to, and without waiving, the General Objections, relevant non-privileged documents will be produced to the extent located.

Document Request 20. Any documents concerning charges, allegations, complaints, investigations or lawsuits concerning alleged violations or violations of the Fair Labor Standards Act or any state law regarding compensation paid to employees by defendants.

Response. Defendants object to the foregoing request on the grounds that it is vague, is ambiguous, is overly broad, seeks confidential information, and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving, these and the General Objections, there are no responsive documents.

Dated: New York, New York
       November 30, 2007

                                        GEHRING & SATRIALE LLC

                                        By: _____
                                               Louis R. Satriale (LS-5027)
                                               370 Lexington Avenue
                                               Suite 1200
                                               New York, New York 10017
                                               (212) 400-7420
                                               Attorneys for Defendants

To:    Karen L. Zdanis, Esq.
         20 North Broadway, Suite 5
         Nyack, New York 10960

9