# EXHIBIT D

# Karen L. Zdanis
### Attorney At Law

20 North Broadway
Suite 5
Nyack, New York 10960

Telephone: 845-356-0855
Facsimile: 845-613-0096

January 16, 2008

*Via Facsimile and Regular Mail*
Louis R. Satriale, Esq.
Gehring & Satriale LLC
370 Lexington Avenue
Suite 1200
New York, New York 10017

   Re: Morocho v. Kelly, et al.
     Case No.: 07 CIV. 2979

Dear Mr. Satriale:

  Following please find the list of items requested during yesterday's deposition of defendant George C. Kelly. As Karl Stoecker, Esq. explained yesterday, these items, which were identified as existing by your client during his deposition, should have already been produced by defendants, as they are within the scope of our pre-existing discovery demands. Therefore, we ask that defendants produce them as soon as possible.

  List of the items requested:

  1. A copy of the hard drive from the computer in the office at the Nyack Soft Cloth Car Wash located at 5 Polhemus Street, Nyack, New York 10960. This request was within the scope of our document request numbers 1, 2, 5, 7, 10, 13, 14, 17, 18, and 19 of Plaintiffs' First Request for the Production of Documents.

  2. A computer printout of all of the data stored on the machine containing employees' codes and hours worked by employees of the defendant Nyack Colonial Car Wash, Inc. for the years 2000 through the present; the machine was referred to as the "Timebanc" machine located at the Nyack Soft Cloth Car Wash

EXHIBIT A

Louis R. Satriale, Esq.  January 16, 2008
Page 2

located at 5 Polhemus Street, Nyack, New York 10960 by defendant George C. Kelly during his deposition. This request was within the scope of request numbers 1, 5, 7, 10 and 13 of Plaintiffs' First Request for the Production of Documents.

3. A computer printout of any "Excel" spreadsheets that have been saved or otherwise stored, and referred to as "Daily" Worksheets and/or the "Pay" and/or "Payroll" sheets as defendant George C. Kelly represented were on the computer in the office at the Nyack Soft Cloth Car Wash located at 5 Polhemus Street, and printouts of any other data stored that references employee compensation, tips, hours worked by employees and/or the number of cars that were serviced by the car wash for the period of the year 2000 through the present. This request was within the scope of request numbers 1, 2, 5, 6, 7, 10, 13, and 19 of Plaintiffs' First Request for the Production of Documents.

4. Copies of any and all Payroll Sheets maintained by the defendant Nyack Colonial Car Wash, Inc. and/or George Kelly; these sheets were referred to as "yellow sheets," by defendant George C. Kelly. This request was within the scope of request numbers 1, 2, 5, 6, 7, 10, and 19 of Plaintiffs' First Request for the Production of Documents.

5. Copies of all of the information contained in the checkbook used by Nyack Colonial Car Wash, Inc.; defendant George C. Kelly referred to as the "blue folder" containing personnel information and located in the office at the Nyack Soft Cloth Car Wash. This request was within the scope of request numbers 1, 2, 5, 6, 7, 10, and 19 of Plaintiffs' First Request for the Production of Documents.

6. Copies of all W-4 Forms maintained by defendant Nyack Colonial Car Wash, Inc. for the period 2000 to the present. This request was within the scope of request numbers 1, 5, 10, and 19 of Plaintiffs' First Request for the Production of Documents.

7. A copy of the data and/or a report and/or a printout containing the data from the computer program maintained by defendant Nyack Colonial Car Wash, Inc. and/or defendant George C. Kelly that contains the number of cars that pass through the car wash. Plaintiffs request a daily report of the number of cars that went through the Nyack Colonial Soft Car Wash for the

EXHIBIT A

Louis R. Satriale, Esq.                    January 16, 2008
                                           Page 3

period January 1, 2000 through the present. In the event a daily report is not available, then Plaintiffs request a monthly report for the same period. This request was within the scope of our document request number 13 of Plaintiffs' First Request for the Production of Documents, and request number 1 from the Plaintiffs' Second Request for the Production of Documents.

    8. Copies of information on all the employees listed in the Employer List provided by Defendants dated November 30, 2007, including but not limited to the W-2 Forms pertaining to each employee for the years worked and the date each employee started working, if this information has not already provided by number 6, as listed above. This request was within the scope of request numbers 1, 2, 5, 6, 7, 10, and 19 of Plaintiffs' First Request for the Production of Documents.

    Please contact me if you have any questions. Thank your for your attention.

                        Very truly yours,

                        Karen Zdanis


cc: Karl Stoecker, Esq., *via email*

EXHIBIT A

# EXHIBIT E

# Gehring & Satriale LLC

Louis R. Satriale, Jr.
(212) 400-7422
lsatriale@GTSLaw.com

370 Lexington Avenue
Suite 1200
New York, New York 10017
(212) 400-7420
(212) 400 7440 (fax)

January 28, 2008

VIA E-MAIL
Karen L. Zdanis, Esq.
20 North Broadway, Suite 5
Nyack, New York 10960

    Re:    Morocho et al. v. Kelly et al., Index No. 07 Civ. 2979

Dear Ms. Zdanis:

    I write in response to your letters dated January 16 and January 23, 2008. Be advised that none of the documents requested in your January 16th letter were "improperly withheld" as you claim. In fact, if you review Defendants' Responses and Objections to Plaintiffs' Request for Production of Documents, dated November 30, 2007, and my letter to you dated, December 13, 2007, which discusses the responses, you will see that we: (i) objected to any request seeking information or documents pertaining to anyone who is not a plaintiff in this matter, (ii) objected to any request seeking information or documents beyond the time period during which Freddy Morocho was employed by the car wash, or (iii) advised you that the requested documents do not exist. For all the reasons we have previously discussed with you several times, we will not agree to produce any documents within the first two categories above and, obviously, cannot produce documents within the third category.

    Subject to and without waiving the above objections, and incorporating herein by reference the General Responses and General Objections set forth in Defendants' Response to Plaintiffs' Request for Production of Documents, dated November 30, 2007, and any Response provided therein to any similar/duplicative request made in your January 16th letter, Defendants respond to the specific requests in your letter, dated January 16, 2008, as follows:

    1.    Defendants are not aware of the existence of any responsive documents contained on the hard drive.

    2.    Defendants are not aware of the existence of any responsive documents.

    3.    Defendants are not aware of the existence of any responsive documents.

    4.    Defendants are not aware of the existence of any responsive documents.

    5.    Defendants are not aware of the existence of any responsive documents.

EXHIBIT A

# Gehring & Satriale LLC

Karen L. Zdanis, Esq.
January 28, 2008
Page 2

6. Defendants are not aware of the existence of any responsive documents.

7. Defendants are not aware of the existence of any responsive documents.

8. Defendants are not aware of the existence of any responsive documents

Very truly yours,

Louis R. Satriale, Jr.

EXHIBIT A

# EXHIBIT F

# Karen L. Zdanis
Attorney At Law

20 North Broadway
Suite 5
Nyack, New York 10960

Telephone: 845-356-0855
Facsimile: 845-613-0096

February 5, 2008

Via facsimile (914) 390-4085
The Honorable Charles L. Brieant
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:  Morocho v. Kelly, et al.
            Case No.: 07 CIV. 2979

Dear Hon. Charles Brieant:

    We represent plaintiffs in the above referenced matter. We write pursuant to Local Civil Rule 37.2 and Your Honor's Individual Practices to request a conference with the Court regarding discovery in this action.

    Plaintiffs make this request because defendants are improperly withholding discovery responses. Plaintiffs were first made aware of the existence of certain information during the deposition of defendant George C. Kelly under oath on January 15, 2008. Despite plaintiffs request for documents and other information during this deposition, and again in writing the following day, defendants made it clear they did not intend to produce same.[1] Instead, defendants claim, inter alia, that defendants are "not aware of the existence of any responsive documents."

    Defendants' position is not credible, especially given that it is inconsistent with the testimony of George C. Kelly. A brief summary of some of the information requested juxtaposed with Mr. Kelly's testimony follows.

---

[1] See Exhibit A, letter annexed letter to Louis Satriale, Esq. dated January 16, 2008 and letter dated January 28, 2008 from Louis Satriale, Esq.

Hon. Charles Brieant, Esq.　　　　　　　　　　　February 5, 2008
　　　　　　　　　　　　　　　　　　　　　　　　Page 2

　　　Office Computer Information: During his deposition, Mr. Kelly maintained that he inputted employees' hours into an electronic spreadsheet on the office computer at Nyack Car Wash. (See Exhibit B, relevant pages from examination before trial of George C. Kelly, dated January 15, 2008, p. 34 5:13).

　　　Information from Employer's Timebanc Machine: Mr. Kelly represented that the Nyack Car Wash had a "Timebanc" machine that stored employees' "punch-in" and "punch-out" times and in which reports were run to determine the payroll that had been in existence ever since he began working for the Nyack Car Wash in 1999. Mr. Kelly runs reports weekly from this machine, which prints out the hours input into the machine by employees. (See Exhibit C, relevant pages from examination before trial of George C. Kelly, dated January 15, 2008, pp. 26 5:18, 33 22:25, 27 4:15).

　　　Compuwash Computer Information: Mr. Kelly represented that there is a car wash computer that counts how many cars were washed that day that is located in the employee office that he checks every morning. Mr. Kelly stated that he runs monthly summaries of cars that came in to the car wash off of this machine. (See Exhibit D, relevant pages from examination before trial of George C. Kelly, dated January 15, 2008, p. 88 3:23, p. 91 21:25, p. 93 2:14).

　　　Plaintiffs requested copies of the information listed above and annexed hereto in greater detail as Exhibit A. Defendants have refused to produce any of this information. The discovery sought is relevant to the claims of failure to pay overtime and misappropriation of tips.

　　　Plaintiffs have made a good faith effort to obtain this information without Court intervention. Plaintiffs now seek to compel defendants to produce the discovery, or request permission to file a motion to compel discovery under Federal Rule of Civil Procedure 37.

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　Karen Zdanis

Enc.
cc: Louis R. Satriale, Esq., via facsimile

# EXHIBIT G

## Karl J. Stoecker

**From:** Karen Zdanis [karen.zdanis@gmail.com]
**Sent:** Thursday, May 15, 2008 9:43 AM
**To:** Karl J. Stoecker
**Subject:** Fwd: Morocho


---------- Forwarded message ----------
From: <lsatriale@gtslaw.com>
Date: Wed, Jan 30, 2008 at 10:46 AM
Subject: Re: Morocho
To: Karen Zdanis <karen.zdanis@gmail.com>


As long as the depo's are moving along, I have no problem taking a break for lunch.
I have to cancel the deposition for tomorrow. A stomach bug has been making its way through my family and now I have it. As soon as I am back in the office, I will give you a list of dates to reshedule. I don't have my schedule book with me at home. Let's leave the ones we have set for next week alone and work around those dates. If we can't do Freddy's next week, I know I'm pretty open the following week. If you were still planning to do the accountant on Friday, I will need to move that one as well. I will not be ready.


Quoting Karen Zdanis <karen.zdanis@gmail.com>:

> Dear Lou:
>
> The following plaintiffs are scheduled to appear for depositions at the
> District Courthouse in White Plains on the following dates:
>
> Feb 6, 2008: Walter Tacuri, Rafael Paguay, Angel Morocho
>
> Feb 7, 2008: Jose Morocho, Diego Ojeda.
>
> I am having trouble getting in touch with Alexander Remberto Burgos.
>
> Please advise whether you plan on working through lunch on each of these
> days. We will be there promptly at 10 a.m.
>
> Best regards,
>
> Karen Zdanis


On Jan 28, 2008 1:42 PM, Lou Satriale <lsatriale@gtslaw.com> wrote:

> Thursday is confirmed for 11 am at my office. I expect that the

5/15/2008

# EXHIBIT H

# Karl J. Stoecker

**From:** Karen Zdanis [karen.zdanis@gmail.com]
**Sent:** Thursday, May 15, 2008 11:42 AM
**To:** Karl J. Stoecker
**Subject:** Fwd: Depositions


---------- Forwarded message ----------
From: **Lou Satriale** <lsatriale@gtslaw.com>
Date: Wed, Feb 20, 2008 at 11:57 AM
Subject: RE: Depositions
To: Karen Zdanis <karen.zdanis@gmail.com>


As long as the call is only to schedule a conference (I will not be prepared to discuss the merits of the disputes on the call), I can do it tomorrow between 11-4 or Friday between 11-4. Unfortunately, the accountant cannot do his deposition on the 25th as I had hoped. He gave me the following dates, let me know if any work for your side: 2/28, 3/5, 3/6 and 3/7. We can be at your office starting around 1 pm on any of these days. Please let me know as soon as you can if any of these dates work for you so I can lock it in with him b/c he is heading into his busy season.


Lou Satriale
Gehring & Satriale LLC
370 Lexington Avenue
Suite 1200
New York, New York 10017
(212) 400-7422
(212) 400-7440 (fax)

   -----Original Message-----

   **From:** Karen Zdanis [mailto:karen.zdanis@gmail.com]
   **Sent:** Monday, February 18, 2008 4:58 PM
   **To:** Lou Satriale
   **Subject:** Re: Depositions

   Regarding the conference with the court, I spoke to Judge Fox' law clerk who advised that we both need to call in regarding scheduling a conference for the discovery dispute mentioned in my February 5, 2008 letter.

   Please let me know when you are available for such a telephone conference.

   Thank you,

   Karen Zdanis

   On Feb 18, 2008 4:44 PM, Lou Satriale <lsatriale@gtslaw.com> wrote:
     Karen, I am out of the office until Wednesday. I have reached out to the accountant to see if he can do it on the 25th. Hope to hear back from him tomorrow or Wednesday. For now, let's pencil him in for the

5/15/2008